### JOHN FARRELL v. THE STATE.

1. The joinder of two or more distinct offences in one count of an indictment is faulty, but where the acts imputed are component parts of the same offence, the pleading is not obnoxious to the charge of duplicity.

2. The mere fact that two distinct charges appear upon the face of the indictment does not necessarily render it vicious. If the several acts set forth enter into and constitute the principal offence, there is no duplicity.

3. Carnal abuse under the statute of 1887 (*Pamph. L*, *p.* 230) is neces-
sarily attended with an assault, and, therefore, the offence is accurately
described by alleging that there was an assault.

4. In legal contemplation there cannot be a consent of the infant by
which the charge of assault will be repelled.

5. In an indictment under the said statute it is not necessary to aver
whether the carnal abuse was committed with or without the consent
of the infant. The effect of the statute is to render the infant inca-
pable of giving a legal consent to the prohibited intercourse with her.

In error.

Argued at November Term, 1891, before BEASLEY, CHIEF
JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff in error, *Chauncy H. Beasley* and *Horatio
N. Barton.*

For the state, *Bayard Stockton, Prosecutor of the Pleas,* and
*W. Holt Apgar.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff in error was convicted in
the Mercer County Quarter Sessions upon an indictment of
which the following is a copy:

"*Mercer Oyer and Terminer and General Jail Delivery,*
"*January Term, 1891.*

"Mercer County, to wit—The grand inquest of the State of
New Jersey, in and for the body of the county of Mercer,
upon their respective oath—

"Present, that John Farrell, late of the city of Trenton, in
the said county of Mercer, on the fifth day of January, in the
year of our Lord one thousand eight hundred and ninety-one,
with force and arms, at the city of Trenton aforesaid, in the
county aforesaid, and within the jurisdiction of this court, in
and upon the body of one Mamie E. Morgan, in the peace of
God and this state then and there being, an assault did make,
and her, the said Mamie E. Morgan, being then and there a
woman under the age of sixteen years, he, the said John Far-

rell, being then and there above the age of sixteen years, did unlawfully and carnally abuse and other wrongs to the said Mamie E. Morgan then and there did to the great damage of the said Mamie E. Morgan.

" BAYARD STOCKTON,

"Prosecutor of the Pleas."

The statute under which the indictment is framed reads as follows:

"And be it enacted, That any person who shall have carnal knowledge of a woman forcibly against her will, or who shall aid, abet, counsel, hire, cause or procure any person or persons to commit the said offence, or who being of the age of sixteen years or over shall unlawfully and carnally abuse a woman under the age of sixteen years, with or without her consent, shall, on conviction, be adjudged guilty of a high misdemeanor and be punished," &c.    Pamph L. 1887, p. 230.

The errors relied upon to reverse the judgment below are assigned upon alleged defects in the form of the indictment.

The first objection is that the indictment charges two distinct offences in the one count, to wit, an assault with force and arms upon the body of the girl, and an unlawful and carnal abuse of the girl.

The other alleged infirmity in the indictment is that it does not aver that the unlawful and carnal abuse was committed either with or without the girl's consent.

The motion to quash the indictment for these reasons, in the court below, was overruled.

First, the joinder of two or more distinct offences in one count of an indictment is undoubtedly faulty, and is not permitted by the rules of the criminal law.

But where the acts imputed are component parts of the same offence, the pleading is not obnoxious to the charge of duplicity.

An indictment may charge a defendant with an offence which, in its nature, and in the form of the allegation, includes several smaller ones, as if it charges a murder, which

includes manslaughter, a battery and an assault; it is not, for this reason, multifarious. *Commonwealth* v. *Harvey*, 10 *Met.* 422; 1 *Bish. Cr. Pro.*, § 432.

On an indictment for rape, the defendant may be convicted of an assault. Under the laws of this state, a party indicted for a crime may be convicted of any offence of a lower degree, provided, such lower offence is included within the description in the indictment. *State* v. *Johnson*, 1 *Vroom* 185.

The mere fact, therefore, that two distinct charges appear upon the face of the pleading, does not necessarily render it vicious. If the several acts set forth enter into and constitute the principal offence, there is no duplicity. Carnal abuse, under this statute, is necessarily attended with an assault, and, therefore, the offence is accurately described by alleging that there was an assault.

In legal contemplation, there cannot be a consent of the girl, by which the charge of assault would be repelled.

Mr. Justice Parker, in *Cliver* v. *The State*, 16 *Vroom* 46, which was an indictment under this statute prior to its amendment, said, " that legally the infant had no will to resist or consent. There may be actual submission of a child without constituting legal consent."

In *Hays* v. *The People*, 1 *Hill* 351, where the defendant was charged with an assault with intent to ravish a child under ten years of age, the New York Supreme Court held that the assent of the infant being void, as to the principal offence, it was equally so in respect to the incipient advances of the offender.

The presumption of law, where the person is of tender age, is conclusive that there is no consent. 3 *Greenl. Ev.*, § 211.

The same presumption arises with respect to females under the age of sixteen, under the act of 1887. Being thereby rendered incapable of legally consenting to the commission of the prohibited crime, that incapacity must extend to every act and advance of the defendant which constitutes part of the crime when consummated. The offence could not be committed without an assault upon the person of the female.

In *Francisco* v. *The State*, 4 *Zab*. 30, the indictment in a single count charged an assault and battery and false imprisonment. Mr. Justice Potts, in disposing of the objection that it was multifarious, said, that " the assault, the battery, the false imprisonment, though in themselves separately considered, they are distinct offences, yet collectively they constitute but one offence."

In the second place, is it necessary to aver in the indictment whether the carnal abuse was committed with or without the consent of the infant? The rule is, that the facts which constitute the alleged breach of the criminal law must be accurately and adequately expressed in the indictment, so that it may judicially appear to the court that the crime is charged, and that the defendant may be apprized with reasonable certainty of the offence imputed to him.

The act denounced by the statute is the carnal abuse of a girl under sixteen years of age by a man of or over the age of sixteen years.

The act further provides that it shall be equally a crime whether committed with or without the consent of the female. Consent is immaterial ; its presence or absence constitutes no essential part of the description of the offence. The effect of the statute is to render the infant incapable of giving a legal consent to the prohibited intercourse with her. Her submission to the abuse, as has been shown, is not a consent which will eliminate from it the element of an assault. The material facts descriptive of the statutory crime are, that the man is of the age of sixteen years, that the girl is under the age of sixteen years and that he has carnally abused her.

An indictment which sets out these facts charges the offence at which the statute was aimed. The absence or presence of consent or submission by the female constituted no part of the case to be established by the state, nor could its presence or absence in any event furnish immunity to the alleged criminal. It was unnecessary, therefore, to make any allegation or proof with respect to it.

The judgment should be affirmed.