WILLIAM SCHANG, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal law—Carnal abuse of female child—Rape—Assault with intent to commit.

1. Our statute, section 2396 Revised Statutes, providing that "whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death or by imprisonment in the State prison for life," defines the crime of rape; and while it is necessary under it to allege and prove a different state of facts in order to justify a conviction where the female involved is over the age of ten years, than where she is under that age,—the one case requiring force and want of the female's consent to be shown, the other requiring simply the carnal knowledge and abuse of the child and that she is under ten years of age to appear,—yet in either case the crime denounced is rape punishable with the same penalty of death or life imprisonment. In the case of children under ten years of age our law presumes that persons of such immature age are incapable of either consenting to or protesting against the act, and this presumption of incapacity applied as well to every act of her assailant tending towrds the commission of the crime as to the consummated crime itself.

2. Under an indictment charging in the terms of the statute simply the carnal knowledge and abuse of a female child under the age of ten years there may properly be a conviction of an assault with intent to commit rape. In such cases, whether the inquiry be as to the consummated crime, or as to an assault with intent to commit it, it is not necessary to allege or prove that the acts were done against the will of such child. Whether she consented or resisted is immaterial.

Writ of error to the Circuit Court for Nassau County.

The facts of the case are stated in the opinion of the Court.

*B. B. MacDonell,* for plaintiff in error.

*William B. Lamar*, Attorney-General, for the State.

TAYLOR, C. J.

At the Spring term, 1900, of the Circuit Court for Nassau county the plaintiff in error was indicted for rape of a child under ten years of age, was then tried and convicted of an assault with intent to commit rape, and from the sentence imposed seeks relief here by writ of error.

The record before us shows nothing more than the indictment and its proper presentation by the grand jury, the arraignment and plea of not guilty of the defendant, the empanelling and swearing of the jury, the verdict and sentence by the court.

The errors assigned are as follows: 1. The court below erred in receiving and recording the verdict of the jury in said cause, for the reason that the crime of assault with intent to commit a rape is not included in the charge upon which defendant in court below was tried.

2. The court below erred in entering judgment upon the verdict of the jury in the court below, the said verdict not being responsive to the charge upon which the defendant in court below was tried.

These two assignments of error both present the same question and are so treated in the briefs of counsel for plaintiff in error.

The contentions of the plaintiff in error are that section 2396 of the Revised Statutes, under which the indictment was found, denounces two distinct offences, *viz*: Rape, in its common law form; secondly, the carnal knowledge and abuse of a female child under the age of ten years, and that a charge of carnal knowledge and abuse of such child does not include the crime of assault

with intent to commit a rape. That to authorize a convic-
tion of assault with intent to rape, the indictment must
charge such assault, specifically, or else charge the com-
mon law crime of rape that includes the minor offence of
assault with such intent; that the indictment simply
charges the offence of carnal knowledge and abuse of a
female child under ten years of age, and does not charge
rape; that it fails to use the word "ravish," that is abso-
lutely essential to a charge of rape. Some authorities sus-
tain these contentions, Bish. Stat. Cr. (3rd ed.) § 496 and
citations, but they are untenable here. The charging part
of the indictment is as follows: "In and upon one
Frankie Ferriera, a female child under the age of ten
years, to-wit: the age of five years, feloneously did make
an assault, and her, the said Frankie Ferriera, then and
there feloneously did unlawfully carnally know and abuse,
contrary to the statute in such case made," &c. Section
2396 Revised Statutes, under which this indictment was
framed reads as follows: "Whoever ravishes and carnally
knows a female of the age of ten years or more, by
force and against her will, or unlawfully or carnally knows
and abuses a female child under the age of ten years, shall
be punished by death or by imprisonment in the State
prison for life." While it is necessary under this statute
to allege and prove a different state of facts in order to
justify a conviction where the female involved is over the
age of ten years, than where such female is under that
age—the one case requiring force and want of the female's
consent to be shown, the other requiring simply the carnal
knowledge and abuse of the child and that she was under
ten years of age to be shown—yet in either case the crime
denounced is rape punishable with the same penalty of
death or life imprisonment. Section 2403 of our Revised

Statutes provides: "Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years."

Under the provisions of section 2396 Revised Statutes above quoted, the unlawful carnal knowledge and abuse of a female child under the age of ten years is made a felony punishable with death or imprisonment for life, whether such child formally consents thereto or not; and section 2403, last above quoted, makes an assault upon such child with the intent carnally to know and abuse her punishable as a felony. It would seem to be a contradiction in terms, when these two statutes are considered together, to say that the principal crime may be completely consummated and punished regardless of the consent of the child, and that yet in trying an assault with the intent to commit it the consent or non-consent of the child would be material. In such cases the law presumes that a child of such immature age is incapable of either consenting to or protesting against the act, and this presumption of incapacity applies as well to every act of her assailant tending towards the commission of the crime, as to the completed crime itself. McKinney v. State, 29 Fla. 565, 10 South. Rep. 732; People v. Lourintz, 114 Cal. 628, 46 Pac. Rep. 613; Singer v. People, 13 Hun. 418; State v. Wray, 109 Mo. 594, 19 S. W. Rep. 86; State v. Sargent, 32 Oregon 110, 49 Pac. Rep. 889; Farrell v. State, 54 N. J. L. 416, 24 Atl. Rep. 723; People v. McDonald, 9 Mich. 150; 1 Hale P. C. 628. In the case of Murphy v. State, 120 Ind. 115, 22 N. E. Rep. 106, it is pointedly held that under an indictment charging carnal knowledge and abuse of a female child under the age of twelve years as prohib-

ited by their statute there could properly be a conviction for assault and battery with intent to commit rape, and that in such case it was not necessary for the indictment to allege that she was ravished forcibly and against her will. State v. Dancy, 83 N. C. 608; Hays v. People, 1 Hill (N. Y.) 351; State v. Johnson, 76 N. C. 209; State v. West, 39 Minn. 321, 40 N. W. Rep. 249; Territory v. Keyes, 5 Dak. 244, 38 N. W. Rep. 440; State v. Newton, 44 Iowa 45; Commonwealth v. Roosnell, 143 Mass. 32, 8 N. E. Rep. 747; Davis v. State, 31 Neb. 247, 47 N. W. Rep. 854; State v. Meinhart, 73 Mo. 562; Fizell v. The State, 25 Wis. 364.

Our conclusions are that under our statutes the unlawful carnal knowledge and abuse of a female child under the age of ten years is rape; that under an indictment in terms charging such carnal knowledge and abuse of such female child there may properly be a conviction of an assault with intent to commit rape; that in such cases, whether the inquiry be as to the consummated crime, or as to an assault with intent to commit it, it is not necessary to allege or prove that the acts were done against the will of such child. Whether she consented or resisted is immaterial.

It follows from what has been said that the judgment of the Circuit Court must be and is hereby affirmed.