THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRANK DELANCEY, PLAINTIFF IN ERROR.

Submitted March 20, 1908—Decided June 8, 1908.

An indictment which charges sales of liquor to "John Doe and divers other persons," without naming them, or alleging that such persons are unknown, is fatally defective.

On writ of error to Bergen Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff in error, *Jacob W. De Yoe.*

For the defendant in error, *Ernest Koester.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff was indicted and convicted for selling liquor without a license in less quantity than five gallons, on the 1st day of June, 1907, at the township of Hohokus, in the county of Bergen, to one "John Doe and divers other persons." Before the jury had been sworn the attorney for the defendant moved to quash upon the ground that the indictment alleged in one count more than one offence, and that it was further defective in that it did not set out the names of the persons to whom the sales were made; or, in the absence of that, an averment that the names were unknown.

The correct practice in such cases undoubtedly is, to charge the distinct offences in separate and distinct counts; and an indictment, such as is presented by this writ, for that reason, has been the subject of judicial criticism. *State* v. *Farrell, 25 Vroom* 416.

But we do not find it necessary to make that objection the *ratio decidendi* in the case at bar, for the reason that the indictment is clearly bad in alleging "sales to one John Doe and divers others." The rule is clearly settled that where the names of the offenders are known, they should be alleged in the indictment; and if they cannot be ascertained, that fact should be set forth, or the indictment must, upon proper motion, be quashed. *Flanagan* v. *Plainfield, 15 Vroom* 118; *Feigen* v. *McGuire, 35 Id.* 152.

For this reason the judgment of conviction should be set aside.