CLARENCE HUNTER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. An information alleging that the defendant "did unlawfully and feloneously break and enter a certain store house, the property of one T., with intent to commit a felony, to-wit:

the larceny of goods and chattels of the value of more than twenty dollars," is sufficient as against objections that it does not allege an intent to feloneously take goods and chattels from the house so broken and entered; that it does not charge a crime; that it does not advise the defendant of the nature and cause of the accusation against him.

2. Where the sentence imposed is not authorized by law, the the judgment will be reversed and the cause remanded for a proper sentence.

Writ of error to the Criminal Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Dickinson & Dickinson,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, J.—The information herein charges that the defendant "did unlawfully and feloneously break and enter a certain store house, the property of one J. A. Trovillion, with the intent to commit a felony, to-wit: the larceny of goods and chattels of the value of more than twenty dollars." Plaintiff in error contends only that the court erred in denying a motion in arrest of judgment on the grounds that:

"First: That the information on which this defendant was tried in said cause is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense.

Second: That the information upon which this defendant was tried is so vague, indistinct and indefinite as to

expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

Third: The information upon which this defendant was tried does not charge this defendant with the commission of any offense against the laws of the State of Florida.

Fourth: In indictments for breaking and entering it is essential to allege in the indictment that the defendant broke and entered with intent to commit the felony within the house broken and entered, and this information does not allege that the breaking and entering was with intent to commit a felony in the store house of J. A. Trovillion.

Fifth: The information fails to allege or charge that the defendant broke and entered with an intent to commit a felony in the store house, the property of J. A. Trovillion; nor does the information allege that the defendant broke and entered the store house and did actually commit a felony therein."

The information follows the language of the statute, and the allegation that the defendant did break and enter the store house with intent to commit *a specified* feloneous larceny necessarily includes an allegation of *an intent* to feloniously take goods and chattels from the house so broken and entered. See Charles v. State, 36 Fla. 691, 18 South. Rep. 369.

The information sufficiently charges a crime; and it advises the defendant of the nature and cause of the accusation against him; and it it not misleading or calculated to embarrass the accused in the preparation of his defense, or to subject him to the danger of another prosecution for the same offense. See Reyes v. State, 34 Fla. 181, 15 South. Rep. 875; Clark v. State, 59 Fla. 9, — South. Rep. —; Secs. 3961-2 Gen. Stats.

The Attorney General calls attention to the record showing that the defendant was found guilty of "breaking and entering to commit a misdemeanor," while the sentence is that the defendant "be confined in the county jail under direction of the County Commissioners for the term of one year." This sentence is not authorized by the statute, and the judgment is reversed and the cause remanded for a proper sentence.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.