Metcalfe, J.
The defendant in this case, Wm. F. Mehlo, was indicted by the grand jury of Ma-honing county upon a charge of bribery, in receiving money to influence his official action while acting as a member of the city council of the city of Youngstown, in respect to a matter involving his official duty as such councilman.
The indictment charges that he received money as such councilman to influence his official action with respect to “An ordinance to authorize The Workman’s Transit Co., a corporation, to operate automobile buss lines over 'and along the public streets of the City of Youngstown, aforesaid, or as to a mátter that might legally come before him, the said Wm. F. Mehlo as such officer, and the said city council of which said Wm. F. Mehlo was a member as aforesaid, to-wit, an ordinance regulating the use of the public streets and thoroughfares of said City of Youngstown aforesaid.”
It is objected to this indictment that it is bad for duplicity, in that it charges the commission of two distinct and separate offenses; or that by the use of the disjunctive “or” he is misled to his prejudice in that he can not be informed by-the indictment whether he is charged with being corruptly influenced with regard to the ordinance relating to the operation of automobile buss lines, *129 or the ordinance regulating the use of the public streets of the city of Youngstown.
Bouvier’s Law Dictionary defines “duplicity” as '“the union of more than one cause of action in-one count in a writ, or more than one defence in one plea, or more than a single breach in a replication.”
Does this indictment charge two distinct and separate offenses? We think not. The gist of the offense ' charged is receiving a bribe to influence the conduct of the defendant as a member of the city council of the city of Youngstown, with regard to his vote upon certain ordinances then pending before the city council. What difference does it make whether he acceptd money to vote upon two propositions or upon one proposition; or whether he accepted money with the understanding that he should vote for or against one or the other?
If it should be agreed between the councilman and the party seeking to influence him that he should vote in a certain way upon one or the other of two separate ordinances pending before the council, leaving it to him to determine upon which one he would so vote, the indictment would charge that he was influenced to vote upon one or the other proposition, or else it would not speak, the truth.
It might be immaterial upon which one he voted corruptly, but, if he received money to influence his vote upon one or the other proposition, he would receive it for the purpose of influencing his vote as a member of the council, and that is the offense charged in the indictment.
*130 In State v. Christmas, 101 N. Car., 749, 8 S. E. Rep., 361, the defendant was indicted on a charge of entering a house in the daytime, under a section of a statute of North Carolina making such an offense a burglary. The court held:
“In an indictment under said section, the entering of a house with ‘intent to commit a felony or other infamous crime therein’ constitutes the gravamen of the .charge, and hence a bill charging an ‘intent to steal the goods, chattels, and money of T. B. Layman, and also with intent to steal the goods, chattels, and money of Mrs. Anna W. Layman,’ did not charge two different offenses.”
In Farrell v. State, 54 N. J. L., 417, 24 Atl. Rep., 723, the supreme court of New Jersey held:
“1. The joinder of two or more distinct offenses in one count of an indictment' is faulty, but where the acts imputed are component parts of the same offense, the pleading is not obnoxious to the charge of duplicity.
“2. The mere fact that two distinct charges appear upon the face of the indictment does not necessarily render it vicious. If the several acts set forth enter into and constitute the principal offense, there is no duplicity.”
And in State v. Schultz, 96 Ohio St., 114, our own supreme court, following the case of Hale v. State, 58 Ohio St., 676, hold:
“An indictment that charges in the same count, both receiving and concealing property, knowing the same to have been stolen, is not bad for duplicity.”
We think the indictment in this case sufficiently advises the defendant of the real charge against *131 him, and to use the words of the court in State v. Schultz, supra:
“Our courts to-day 'are not looking with favor upon the petty defects and technical flaws in indictments, so long as they do not affect the substantial rights of the parties to the action.”
It is further urged in this case that the’court erred to the prejudice of the defendant in permitting the prosecuting attorney, upon the examination of 'the jurors on their voir dire, to inquire of the jurors whether they were acquainted with other members of the council of Youngstown who were under indictment charged with the same offense as the defendant. We think there was no error in this.
It is true, probably, that an examination along that line might be so conducted as to be prejudicial, but we think the state had a right to know whether or not a prospective juror was interested in other members of the council charged with the same offense. Such acquaintance or interest might háve a tendency to influence him. The examination along that line was conducted with propriety, and we do not see how -the defendant could have been prejudiced by it.
Many other interesting questions are presented in this record, but we do not deem them of' sufficient interest to warrant their publication.

Judgment affirmed.

Pollock and Farr, JJ., concur.