JOHN FORD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 3, 1920.

1. An indictment alleging that the accused did "unlawfully break and enter a building of another, to-wit: a cotton house, the property of C., with intent to commit a felony, to-wit: grand larceny," sufficiently charges the statutory offense, and the defendant could not have been misled or embarrassed by the charge as made. The building is sufficiently described. An intent to commit a felony is alleged. The property intended to be stolen need not be described.

2. Where there is sufficient evidentiary basis for charges given, and no material errors of law appear therein, a mere failure to charge on circumstantial evidence will not cause a reversal of a judgment of conviction, no charge on that point having been requested.

3. Where the evidence is legally sufficient to sustain the verdict, and errors of procedure, if any, are harmless, the judgment will be affirmed.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment affirmed.

*John F. Harrell*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for the State.

WHITFIELD, J.—Upon an indictment charging that John Ford "did unlawfully break and enter a building of another, to-wit, a cotton house, the property of one J. D. Clinton, with intent to commit a felony, to-wit, grand larceny," he was convicted and took writ of error.

The indictment sufficiently described the building alleged to have been broken and entered. See Rimes v. State, 36 Fla. 90, 18 South. Rep. 114. Grand larceny is a felony. It is the larceny of personal property of $20.00 or more in value. It was not necessary for the indictment to describe the property, the intent to steal which accompanied the breaking and entering. The indictment sufficiently alleged the statutory offense.

The defendant could not be misled by the allegations of the indictment or embarrassed by the allegations in concerting his defense.

No material or harmful errors appear in the charges given. See McDonald v. State, 56 Fla. 74, 47 South. Rep. 485, and authorities there cited. Miller v. State, 76 Fla. 518, 80 South. Rep. 314. There was sufficient evidentiary basis for the charges given. No charge on circumstantial evidence was requested, and the law of the case did not

require such charge to be given by the court of its own motion.

The transcript of the bill of exceptions shows the following:

"The jury retired to consider their verdict. After remaining in the jury room for about the space of two hours, they returned into the court room and announced that they could not agree, but did not ask for additional instructions; but the court on its own motion gave the following charge:

" 'Some jury has got to decide this case and I might as well let you decide it as some other jury, and I am going to ask you to further deliberate and find a verdict if you can. You may now separate until morning, and in the meantime you shall not discuss this case with any one, or let any one talk to you about it. You shall get back to your room as early as you can tomorrow morning and try to reach a verdict. If this defendant is guilty and you believe him guilty from the evidence, beyond a reasonable doubt, then you find him guilty; if you believe he is not guilty from this evidence or you have a reasonable doubt of his guilt, then find him not guilty.' "

No error appears in this procedure of which the defendant can justly complain.

There is evidence legally sufficient to support the verdict, and errors, if any, in admitting testimony were harmless. Counsel for the plaintiff in error has forcefully argued the points reserved in the record, but no material errors are made to appear.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J. concur.