WILLIE JOWERS, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed June 4, 1921.

1. Under the statute (Section 5051, Revised General Statutes
   of Florida, 1920) the unlawful carnal knowledge and abuse
   of a female child under the age of ten years is rape.

2. Under an indictment charging unlawful carnal knowledge
   and abuse of a female child under the age of ten years
   there may be a conviction of an assault with intent to com-
   mit rape.

A Writ of Error to the Circuit Court for Suwannee
County; M. F. Horne, Judge.

Affirmed.

*John F. Harrell* and *J. L. Lee,* for Plaintiff in Error.

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,*
Assistant, for the State.

WEST, J.—Plaintiff in error was indicted on a charge
of rape. The indictment alleges that he did "unlawfully
ravish and carnally know and abuse a female child under
the age of ten years." The charge is predicated upon Sec-
tion 5051, Revised General Statutes of Florida, 1920.
Upon a trial a verdict was returned finding him guilty of
an assault with intent to commit rape. Motions in ar-
rest of judgment and for a new trial were denied and sen-
tence was imposed. To review the judgment imposing sen-
tence this writ of error was taken.

Two questions are presented. The first raises the ques-

tion of the sufficiency of the evidence to sustain the verdict. Nothing would be accomplished by a discussion of the evidence. The child alleged to have been assaulted, its mother and a physician, who examined the child, testified to the fact of the assault. Other witnesses testified to facts showing that an opportunity was afforded plaintiff in error to commit the offense. The credibility of the evidence was a question for the jury who saw and heard the witnesses. The verdict has the sanction of the trial judge. We cannot say the evidence is insufficient. On the contrary, it seems to be ample to sustain the verdict.

The other contention is that under the allegations of the indictment plaintiff in error could not be legally convicted of an assault with intent to commit the crime charged. This contention is without merit. The language employed is sufficiently comprehensive to include the offense of assault with intent to commit the crime of rape. In Schang v. State, 43 Fla. 561, 31 South. Rep. 346, this court, in considering a case based upon this statute, said: "Our conclusions are that under our statutes the unlawful carnal knowledge and abuse of a female under the age of ten years is rape; that under an indictment in terms charging such carnal knowledge and abuse of such female child there may properly be a conviction of an assault with intent to commit rape."

The judgment is affirmed upon the authority of Schang v. State, *supra*.

Affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., concurs on authority of Schang v. State, 43 Fla. 561, on doctrine of Stare decisis.