NATHAN LEWIS v. THE HONORABLE NATHAN MAYO, as custodian of the State Prison.

173 So. 346.
Opinion Filed March 22, 1937.

*Martin & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General and *Roy Campbell,* Assistant for Respondent.

BUFORD, J.—This is a proceeding in habeas corpus, original jurisdiction. The petitioner was indicted in the Circuit Court of Columbia County. The indictment charged:

"That Nathan Lewis, late of said county, on the 27th day of March, A. D. 1936, in the county and state aforesaid, did then and there unlawfully break and enter a building of another, to-wit: A dwelling house, the property of Clyde Evans, with intent then and there to commit a felony, to-

wit: Rape; Contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

The record also shows that there was endorsed on the back of that indictment, "State of Florida v. Nathan Lewis, Breaking and Entering, a True Bill, E. V. Moore, Foreman of the Grand-jury."

The record shows that on April 30, 1936, "the defendant came into open court and being arraigned plead not guilty and the case was set for trial for Monday, May 4th, 1936, at ten o'clock A. M."

The record shows that on May 4, 1936; "The Defendant, Nathan Lewis, came into open court and announced to the court that he desired to withdraw his plea of not guilty heretofore entered and enter a plea of guilty, which plea was accepted by the court."

Thereupon the following judgment was entered:

"IN THE CIRCUIT COURT THIRD JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR COLUMBIA COUNTY.
SPRING TERM, 1936.

"State of Florida
v.                                        "Breaking and Entering.
"Nathan Lewis

"The defendant, NATHAN LEWIS, on this day came in person into open court, and having been caused to stand up and was asked by the Court whether he had anything to say why the sentence of the law and the judgment of the Court should not be pronounced, and he answering nothing in bar or preclusion thereof, it is upon consideration, the sentence of the law and the Judgment, order and sentence of the Court that you, NATHAN LEWIS, are guilty of the crime of BREAKING AND ENTERING and that you for the

said crime of which you have been and stand convicted be imprisoned by confinement at hard labor in the State Prison of the State of Florida for a period of Two years from the date of your delivery to the officers thereof.

"Done, ordered and adjudged in open court at Lake City, Florida, in the Court House on this the 6th day of May, 1936."

It is the contention of the Petitioner that the indictment charges no offense against the laws of the State of Florida. The gist of the offense charged is Breaking and Entering a Building, to-wit: a dwelling house of another, with intent to commit a felony. While it is true that the accused might have required a more specific description of the felony referred to in the indictment, it cannot be said that the indictment entirely fails to charge an offense. The case is analogous to that of Ford v. State, 80 Fla. 781, 86 Sou. 715, wherein the sufficiency of an indictment was upheld on direct appeal from a judgment of conviction wherein we said:

"Upon an indictment charging that John Ford 'did unlawfully break and enter a building of another, to-wit, a cotton house, the property of one J. D. Clinton, with intent to commit a felony, to-wit, grand larceny,' he was convicted and took writ of error.

"The indictment sufficiently described the building alleged to have been broken and entered. See Rimes v. State, 36 Fla. 90, 18 South. Rep. 114. Grand larceny is a felony. It is the larceny of personal property of $20.00 or more in value. It was not necessary for the indictment to describe the property, the intent to steal which accompanied the breaking and entering. The indictment sufficiently alleged the statutory offense. The defendant could not be

misled by the allegations of the indictment or embarrassed by the allegations in concerting his defense."

We think that the description of the felony in the indictment here under consideration was sufficient to put the defendant on notice as to the nature of the felony with intent to commit which he was charged with breaking and entering the building.

We have repeatedly held that Section 5051 R. G. S., 7153 C. G. L., defines the crime of rape. Schang v. State, 43 Fla. 561, 31 Sou. 346, Jowers v. State, 81 Fla. 803, 88 Sou. 880; Russel v. State, 71 Fla. 236, 71 Sou. 27.

The Petitioner next contends that he should be discharged because the judgment is erroneous. We hold that the judgment is defective in that it does not adjudge the defendant guilty of breaking and entering "with intent to commit a felony."

When the defendant withdrew his plea of not guilty and pleaded guilty to the indictment he pleaded guilty to the charge embraced in the indictment and waived any infirmities of form in such indictment not fatal to its sufficiency to charge an offense and the defendant is bound by that plea under the conditions as shown by the record here. But, he should be remanded to the custody of the Respondent and returned to the Sheriff of Columbia County and by him should be presented to the Circuit Court at its next regular or special term to receive a proper judgment.

It is so ordered.

Remanded with directions to be returned to the Sheriff of Columbia County to be presented to the Circuit Court for proper judgment.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, J. J., concur.

DAVIS, J., concurred specially.

DAVIS, J. (concurring specially).—The indictment is plainly defective as against direct attack upon motion to quash or demurrer, but I agree to the proposition that upon habeas corpus after plea of guilty interposed, the indictment is good as a charge of crime sufficient to withstand the collateral attack herein made upon it.