STATE; *ex rel.* J. B. WILLIAMS, v. NATHAN MAYO, *as* Custodian of the State Prison.

185 So. 322.

Opinion Filed December 16, 1938.

E. L. *Bryan,* for Petitioner;

Cary D. *Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—This is an original proceeding in habeas corpus in this Court.

The petitioner makes two contentions. The first is that the information on which the petitioner was tried and convicted was insufficient to charge any offense against the laws of the State of Florida. The information charged:

"That F. G. Ward, E. L. Smith, and J. B. Williams of the County of Dade and State of Florida on the 19th day of April in the year of Our Lord one thousand nine hundred and twenty-six, in the County and State aforesaid, did

then and there break and enter in the night time the store building of Clarence Saunders, located at Northwest Seventh Avenue and Ninth Street, Miami, Florida, with intent to commit a felony, to-wit: grand larceny, and did then and there take, steal and carry away the money, goods and chattels of the said Clarence Saunders, said defendants being then and there armed at the time of entering, with certain dangerous weapons, to-wit: revolvers and shot guns, a further and more particular description of said weapons being unknown to County Solicitor, said defendant also having in their possession, at the time of said breaking and entering, certain nitroglycerine, dynamite or other high explosives, a further and more particular description of said explosives being unknown to County Solicitor, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

The other contention is: that the sentence of the Court was insufficient to constitute a judgment of conviction, the judgment and sentence being in the following language:

"IN THE CRIMINAL COURT OF RECORD In and For Dade County, Florida

"The State of Florida v. J. B. Williams

"It is, the sentence of the law and the judgment of the Court that you J. B. Williams, having been convicted by jury of Burglary be imprisoned by confinement at hard labor in the State Penitentiary for a term of Fifteen (15) years.

"Done and Ordered in open court, this the 19th day of June, A. D. 1926.

"Seal Criminal Court of Record.

"Tom Norfleet, Judge."

The information could have been more specific but it does not entirely fail to charge the offense of breaking and en-

tering with intent to commit a felony, which, under our Statute, Comp.. Gen. Laws 1927, Sec. 7216, constituted Burglary, and, therefore, it is not suspectible to successful assault in habeas corpus proceedings. It is substantially the same as that which was upheld by this Court in Hunter v. State, 64 Fla. 315, 60 Sou. 786, and in Ford v. State, 80 Fla. 781, 86 Sou. 715.

While the judgment and sentence of the court in this case does not follow the exact words which were recommended by this Court in Mathis, *et al., v.* State, 67 Fla. 277, 64 Sou. 944, it does sufficiently adjudicate that the defendant Williams had been convicted by a jury.

Petitioner relies on our opinion and judgment in the case of Ellis v. State, 100 Fla. 27, 129 Sou. 106. In that case the judgment and sentence was:

"It is the judgment of the court and the sentence of the law, that you, J. H. Ellis, pay a fine of $300 and in default of payment of said fine you will be confined in the county jail for a period of (3) months."

It will be observed that this judgment and sentence made no reference to the conviction. In the Mathis case this Court recommended as a short form of judgment, the following:

"Now on this day came in person the defendants, John Mathis, A. C. Harrison and J. C. McDonald, with their counsel into open court, and each of them being separately asked by the court whether he or they had anything to say why sentence of the law should not now be pronounced upon him, say nothing. It is, therefore, the judgment, order and sentence of the court that you, John Mathis, A. C. Harrison and J. C. McDonald and each of you, for the crime of which you have been and stand convicted, be imprisoned in the State Penitentiary of the State of Florida

for a period of two years from the date of your delivery to the officers thereof."

There is no material difference between the judgment entered in the instant case and that recommended in the Mathis case. In this case the language used is, "It is the sentence of the law and the judgment of the Court that you, J. B. Williams, having been convicted by a jury of burglary," etc., while the form recommended in the Mathis case is "that you, ....................., for the crime of which you have been and stand convicted," etc.

The judgment is not void and it, therefore, follows that the petitioner must be remanded to the custody of the respondent and the writ dismissed.

It is so ordered.

TERRELL, C. J.; and WHITFIELD, BROWN and CHAPMAN, J. J., concur.