MATHEWS, Justice.
This is a habeas corpus proceeding where the petitioner was convicted of murder in the first degree with a recommendation to mercy. Petitioner claims that he is being detained of his liberty without warrant or authority -of law because in the judgment imposing sentence the trial judge did not find and adjudicate him to be guilty.
A motion for a new trial on the verdict of conviction was filed and denied. Thereupon sentence and judgment was made and entered in the following language:
“State of Florida vs. Mabel Aiken and Willie Rolle
Murder in the First Degree, with recommendation to mercy.
“This cause coming on for hearing on motion for a new trial, on the conviction of the Defendants of murder in the first Degree with a recommendation to mercy, the Defendants and their counsel being present and attended by their counsel, W. R. McCoy and O. H. Norton, also present States Attorney, C. B. Parkhill, and the Court having heard and denied the motion for a new trial, the defendants were asked if they had anything to say why the sentence of the law should not be passed upon them and saying nothing sufficient,
“It is the sentence of the law and the judgment of the court that you, Mabel Aiken and you, Willie Rolle, be taken by the Sheriff, or his lawful deputy, to the State’s Prison of the State of Florida, and delivered to the principal keeper thereof, and there to be confined at hard labor for the rest of your natural lives.”
The petitioner relies upon the case of Jones v. Mayo, Fla., 61 So.2d 480. In that case the petitioner was convicted on four indictments for breaking and entering. In each case the trial judge entered a judgment and sentence without any reference whatsoever to a verdict of guilty. In each case the judgment and sentence was identical and read as follows :
“It is the Judgment of the Court and the sentence of the law that you Tom Jones be taken by the Sheriff, or his lawful Deputy, to the State’s Prison of the State of Florida, and delivered to the principal keeper thereof, -and there to be confined in said State’s prison at *639 hard labor for a period of Twenty (20) Years from date of your incarceration therein.
“Sentence in this case to begin at the expiration of sentence in case no. 317.”
This Court held that there was no proper judgment and sentence. It is apparent that the case of Jones v. Mayo, supra, is not applicable in this case. In the case now under consideration, the record shows that there was a motion for a new trial on the conviction of the defendant for murder in the first degree with a recommendation to mercy. The defendant was then asked if he had anything to say why the sentence of the law should not be passed upon him and he had nothing to say. The sentence and judgment stated, “the Court having heard and denied the motion for a new trial, “necessarily referring back to the first recitation contained in the sentence and judgment that there had been a hearing on the motion for new trial on the conviction of the defendant for murder in the first degree. The judgment and sentence shows that the trial Judge recognized the fact that the defendant had been found guilty by the verdict of the jury and that he had denied a motion for new trial. There was no such recognition in the case of Jones v. Mayo, supra.
This case appears to be controlled by the case of State ex rel. Williams v. Mayo, 135 Fla. 601, 185 So. 322. In that case in passing judgment and sentence, the trial Judge judicially recognized the verdict of guilty when he said:
“It is the sentence of the law and the judgment of the Court that you J. B. Williams, having been convicted by jury of Burglary be imprisoned by confinement at hard labor in the State Penitentiary for a term of Fifteen (15) years.”
Petition for writ of habeas corpus should be dismissed and the petitioner remanded to the custody of the Commissioner of Agriculture of the State of Florida.
It is so ordered.
HOBSON, C. J., and TERRELL and SEBRING, JJ., concur.