THORNAL, Justice.
Petitioner Thornton seeks release from the State Prison on a writ of habeas corpus.
The only point which we here consider is the validity of the judgment of conviction and sentence pursuant thereto.
On January 5, 1956, petitioner Thornton was informed against by the County Solicitor of Escambia County by a four-count information. Counts 1 and 2 charged illegal intoxication. Count 3 charged an assault on his wife. Count 4 charged the felonious uttering of a forged bank check in the amount of $5.88. Petitioner pleaded guilty to the several charges. He received a 90-day sentence under Count 1. Sentence was withheld under Counts 2 and 3. He was placed on probation for three years under Count 4. On April 9, 1956, the probation was revoked but again the court withheld sentence but from day to day and term to term until further order of the court. We do not here pass on the propriety of this latter procedure. On September 18, 1957 petitioner was again brought before the trial judge at which time he was sentenced to the State Prison for a period of seven years purportedly under Count 4 but actually pursuant to the adjudication of guilt of the crime of forgery.
We issued the writ of habeas corpus and response has been filed by the respondent.
The pertinent aspect of the matter now is that Count 4 of the information, pursuant to which petitioner was brought to trial and to which he pled guilty, charged the substantive offense of feloniously uttering and publishing a forged bank check. The judgment and sentence of the court adjudged the petitioner guilty of the crime of forgery and he was ultimately sentenced pursuant to this adjudication.
One of the main contentions of the petitioner is that he pleaded guilty to the crime of uttering the forged instrument and was adjudged guilty and sentenced for the crime of forgery. Although to some extent the distinction may seem more apparent than real, there is nevertheless a genuine difference between the crimes of uttering a forged instrument and forgery. We ourselves announced the distinction in King v. State, 43 Fla. 211, 31 So. 254. Recognizing the distinction, therefore, we find in the instant case that the information charged the uttering of a forged instrument and according to the record the petitioner pleaded guilty to this charge. The judgment of guilt found him guilty of the crime of “forgery” and petitioner was ultimately sentenced for having committed this crime.
We have held that the judgment of guilty pronounced by the trial court must conform to the verdict. Lewis v. State, 154 Fla. 825, 19 So.2d 199. Similarly we have held that a judgment of guilt must conform to the offense to which a plea of guilty was proffered. One cannot plead guilty to one offense and be adjudged guilty of another. Perkins v. Mayo, Fla.1957, 92 So.2d 641. So it is in the instant case. The petitioner pleaded guilty to the offense of uttering the forged instrument but was adjudged guilty and sentenced for forgery. It will therefore be necessary to return the petitioner to the trial court for proper judgment and sentencing.
The petition for the writ in the instant case tenders numerous alleged factual *491 matters which, if true, may commend the petitioner to the trial judge for a more lenient sentence. If the matter were not being returned to the trial court we would point out that the only recourse of petitioner would be an appeal to the State Pardon Board. Emmett v. State, Fla.1956, 89 So.2d 659. Emanating from his record is a strong aroma of a domestic hassle being litigated on the criminal docket of the court. Nonetheless, the trial judge had before him a man who actually pleaded guilty to a criminal charge. He had no alternative but to treat it as such. Similarly these factual allegations cannot be taken into consideration by this court on a writ of habeas corpus testing the validity of the judgment. Nevertheless, it is assumed that when the petitioner is returned before the trial judge, then the trial court will give to the petitioner an opportunity to advise the court of these alleged facts to the extent that they would justify the consideration of the trial judge in the direction of leniency.
The petitioner shall be delivered promptly to the custody of the Sheriff of Escambia County and by said Sheriff presented to the Judge of the Court of Record of that county for a proper adjudication of guilt and the imposition of a correct sentence accordingly. The amount of time that petitioner has already been incarcerated should be taken into consideration by the trial judge in the event he imposes a further sentence.
It is so ordered.
TERRELL, C. J., and HOBSON, DREW and O’CONNELL, JJ., concur.