THORNAL, Justice.
Petitioner Peterson seeks release from the State Prison under a writ of habeas corpus.
The principal point for consideration is the validity of the judgment of conviction.
Peterson was tried on an information charging that he “did unlawfully and feloniously break and enter a dwelling house, the property of G. F. Siegel, with intent to commit a felony therein, to wit: grand larceny.” He pled guilty to the offense charged in the information. However, the judgment and sentence recites that he “entered a plea of guilty to the offense of breaking and entering.” The trial judge adjudged him guilty of that offense. By his petition Peterson contends that the judgment was invalid because it found him guilty of a non-existing offense, there being no such crime as “breaking and entering.” By his return the respondent concedes that the judgment is ambiguous and should be corrected.
We agree that the judgment and sentence are ambiguous. However, the judgment is not so completely devoid of validity as to require that the petitioner be discharged from custody.
The offense charged in the information is one condemned by statute. Sec. 810.01, Florida Statutes, F.S.A. The allegations were sufficiently clear to advise the accused of the exact crime with which he was charged.
The record is also clear that he not only pled guilty to the commission of the crime charged in the information but he also reaffirmed his guilt when he was admitted to the State prison.
The judgment and sentence should, of course, follow the information regarding the specific crime charged. Thornton v. Culver, Fla., 105 So.2d 489. In this instance the judgment and sentence are vague and ambiguous and should be corrected. Lewis v. Mayo, 127 Fla. 488, 173 So. 346. The petitioner is not thereby entitled to be released from custody. D’Alessandro v. Tippins, 98 Fla. 853, 124 So. 455 However, he should be returned before the *858 trial judge for a proper adjudication and sentence.
We have examined the other grounds asserted by the petitioner to support his claim to release from prison. We find that they are without merit.
The petitioner is remanded to the custody of the respondent with directions that he be presented to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County at its next regular or special term, to receive a proper judgment. Lewis v. Mayo, supra. When this has been accomplished the writ shall stand discharged.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS and DREW, JJ., concur.