PER CURIAM.
Pursuant to Peterson’s petition for a writ of habeas corpus we issued the writ but remanded the petitioner for a proper sentence. Peterson v. Wainwright, Fla., 145 So.2d 857. In accord with our mandate the petitioner was taken before the trial judge and a corrected sentence was prescribed on November 9, 1962. Under our original judgment the writ stood discharged when the corrected sentence was entered. Apparently, being dissatisfied with our initial judgment, the petitioner sought review by certiorari in the Supreme Court of the United States. That court has now vacated our judgment and remanded the cause to us “for a hearing on the issue of whether petitioner was denied the assistance of counsel at the time he entered his plea of guilty.” Peterson v. Wainwright, 374 U.S. 108, 83 S.Ct. 1689. In order to comply with the directive of the Supreme Court of the United States, we must now provide a hearing to determine whether the petitioner was deprived of any constitutionally required assistance of counsel when he pleaded guilty to the initial charge on January 9, 1961, and again to a lesser included offense on November 9, 1962. To accomplish this result Honorable Robert Hensley, a Circuit Judge of the 12th Judicial Circuit, is hereby appointed a Commissioner of this Court to hear and cause to be transcribed any and all evidence to be offered by the parties relating to the above-described issues. Upon the completion of the necessary hearings, said Commissioner shall cause to be transmitted to this Court a transcript of the proceedings, together with his findings and recommendations.
It is so ordered.
DREW, C. J., and TERRELL, THOMAS, ROBERTS and THORN AL, JJ., concur.