DREW, Chief Justice.
Honorable Robert E. Hensley, Circuit Judge, designated by this Court as Commissioner to hear and cause to be transcribed any and all evidence to be offered by the parties relating to the question of whether petitioner Peterson was denied the assistance of counsel at the time he entered his plea of guilty,[1] has now filed in this Court a transcript of the proceedings had before him and his report and recommendations, pertinent portions of the latter being as follows:
“Pursuant to my appointment, in the above styled cause, as Commissioner to hear and cause to be transcribed any and all evidence to be offered by the parties relating to the issue set forth in such appointment, and to transmit my findings and recommendations thereon, this Commissioner, by order dated September 20, 1963, appointed the Honorable Walter R. Ralley, Public Defender in and for the Twelfth Judicial Circuit of the State of Florida, to represent the Petitioner in such hearing, and after due notice, the testimony was taken and transcribed, in Sarasota County, Florida, on October 4, 1963, and has now been filed in this cause.
“From the evidence taken this Commissioner finds:
“1. That at the time the Petitioner plead guilty to the initial charge on January 9, 1961, his counsel was not present before the Court, but Petitioner was then represented by counsel which had been employed in his behalf, that he acted at such time pur *690 suant to advice given by his own counsel, that he intelligently acquiesced in the absence of his counsel, that he was not prejudiced thereby, and that he was not deprived by the State of Florida of any constitutional right to the assistance of counsel.
“2. That at the time Petitioner was re-arraigned on the initial charge and plead guilty to a lesser included offense, on November 9, 1962, Petitioner was not represented by counsel, that he was indigent and unable to employ counsel, that he was not advised of his right to have the assistance of counsel appointed by the Court for this purpose, and that he did not intelligently and understandingly waive such right.
“Upon such findings it is the recommendation of this Commissioner that the judgment of conviction, and the sentence entered thereon, be vacated, and Petitioner be remanded for a new trial on the charge upon which the judgment and sentence was based.”
In Peterson v. Wainwright, 145 So.2d 857, this Court vacated and set aside the judgment of conviction and sentence of January 9, 1961 because such judgment and sentence was vague and ambiguous and failed to follow the information regarding the specific crime charged. Our judgment in that case remanded the petitioner “to the custody of the respondent [Wainwright] with directions that he be presented to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County at its next regular or special term, to receive a proper judgment(Emphasis added.) It was on the re-arraignment of the prisoner pursuant to the judgment of this Court above alluded to that the constitutional requirements of counsel were not observed. The infirmity in the judgment of January 9, 1961 was not such as to require a new trial and, now that the Commissioner has found no constitutional infirmities in that trial, the only relief to which the petitioner is entitled is to be remanded again to the Circuit Court of the Twelfth Judicial Circuit of Florida for a proper sentence and judgment. Thereupon, it is
Ordered that the judgment of conviction and sentence dated November 9, 1962 is hereby vacated and set aside for the reason set forth in paragraph 2 of the Commissioner’s report and the petitioner is remanded to the custody of respondent with directions that he be presented to the Circuit Court of the Twelfth Judicial Circuit of Florida in and for Sarasota County at its next regular or special term to receive a proper judgment and sentence after counsel shall have been appointed for respondent or after respondent has intelligently or understandingly waived such right to counsel. As modified by this opinion and judgment, the findings and recommendations of the Commissioner are ratified and confirmed.
It is so ordered.
TERRELL, THOMAS, ROBERTS and THORNAL, JJ„ concur.

. The history of this case is fully disclosed in the following opinions of this and the United States Supreme Court:
(a) Peterson v. Wainwright, 145 So. 2d 857.
(b) Peterson v. Wainwright, 374 U.S. 108, S3 S.Ct. 1689, 10 L.Ed.2d 1028.
(d) Peterson v. Wainwright, 155 So.2d 542.