LEHAN, Judge.
Appellant pleaded guilty to and was convicted of first degree murder, attempted first degree murder, and sexual battery.
Appellant raised two arguments on appeal. We find merit only in his contention that the written sentences should be corrected to show authorized sentences on the attempted murder and sexual battery convictions and to conform with the sentences orally imposed below.
At the plea hearing, appellant appeared with counsel. The record indicates that pri- or plea negotiations between the state and appellant were accepted by the trial judge. The plea negotiations called for appellant to receive for the murder conviction life in prison, with a minimum mandatory sentence of twenty-five years, and for the attempted murder and sexual battery convictions life sentences. The record indicates that the judge acknowledged that all the above sentences and any sentence appellant would receive for violating parole were to run concurrently with one another.
However, as to the attempted murder and sexual battery offenses, appellant’s written sentences stated that appellant was to receive life with a twenty-five year minimum mandatory provision added. Additionally, none of the sentences indicated that they were to run concurrently with one another and with any sentence appellant would receive for violating his parole.
The sentences should be corrected.
First, Florida Statutes do not authorize such minimum mandatory sentences for attempted first degree murder and sexual battery. Sections 775.082(3)(a), 777.04(4)(a), 782.04(l)(a), and 794.011(3), Florida Statutes (1981). Where the sentence imposed is not authorized by law, the judgment should be reversed and the cause remanded for proper sentencing. Hunter v. State, 64 Fla. 315, 60 So. 786 (1913).
Second, the trial judge’s announced intention was that all of the above sentences and any sentence which might result from appellant’s parole violation would run concurrently. The state acknowledges that the written judgments and sentences should conform to the lower court’s announced intention. Byrd v. State, 388 So.2d 1362, 1363 (Fla. 5th DCA 1980).
Accordingly, we remand to the trial court with directions to delete the provisions for minimum mandatory sentences for the attempted murder and sexual battery offenses and to modify all the above sentences to show that they run concurrently with one another and with any sentence imposed upon appellant for violating his parole.
HOBSON, A.C.J., and SCHOONOVER, J., concur.