PER CURIAM.
Appellant appeals his sentences which resulted from his convictions for attempted sexual battery with the use of physical force not likely to cause serious personal injury, burglary of a dwelling, and sexual battery.[1] The public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record, we find that the trial court erred in sentencing appellant to twelve years for the attempted sexual battery conviction. The maximum for which appellant could be sentenced for this third degree felony is five years. §§ 794.011(5), 777.04(4)(c), 775.082(3)(d), Fla.Stat. (1983). Accordingly, we vacate appellant’s sentence for the attempted sexual battery conviction and remand to the trial court with directions to resentence appellant in accordance with the applicable statutes. Tucker v. State, 425 So.2d 1215 (Fla. 2d DCA 1983); Butler v. State, 343 So.2d 93 (Fla. 3d DCA 1977). We are aware that appellant pled nolo contendere without reserving this point for appeal. An illegal sentence, however, may be appealed even though appellant pled nolo con-tendere without reserving the right to appeal. See Robinson v. State, 373 So.2d 898 (Fla.1979).
The judgment and remaining sentences are affirmed in all other respects.
AFFIRMED in part, VACATED in part, and REMANDED to the trial court with directions.
GRIMES, A.C.J., and OTT and CAMPBELL, JJ., concur.

. The attempted sexual battery and sexual battery convictions were for two separate instances.