## UNITED STATES v. PEARCE.

Second Division. Nome. August 23, 1924.

No. 1116–C.

**1. False Pretenses ⚖➔26—Indictment and Information—Obtaining Goods by False Pretenses—Bills and Notes.**

The defendant was indicted for obtaining goods from a merchant on a check drawn by him in the following form:

"Nome, Alaska, Nov. 20, 1923. No. 0241. Miners' & Merchants' Bank of Alaska: Pay to Robinson & Greenberg, or order, $25.00 twenty-five no/100 dollars.
"Alaska Dredge Association.
"Alaska Dredge Association,
"By Edw. E. Pearce, Vice President."

On demurrer to the indictment, *held* the indictment does not show the check was delivered to drawees; no consideration or payment is shown passing to defendant; it was the check of the Alaska Dredge Association. Representation alleged is that the association had money in the bank to pay the check, not the defendant, and this representation is not negatived by the indictment; the indictment does not state facts sufficient to constitute a crime.

**2. Indictment and Information ⚖➔110(3)—Charging in the Words of the Statute.**

Unless the words of the statute of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense, they do not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within the intent of the Legislature.

**3. False Pretenses ⚖➔26—Indictment and Information—Corporations— Acts of Agents.**

A check was drawn and signed by the vice president of a corporation to pay for goods obtained for the use of the corporation. It did not purport, on its face, to be the check of the agent, but that of the corporation, and it did not appear by the indictment to have ever been delivered. Whatever inferences might be drawn from the check, they were not the representations of the defendant, but those of the drawer of the check, the Alaska Dredge Association. Without alleging agency, the check could have no bearing upon the acts of the defendant, and not even then without a delivery of the check. The indictment must descend to particulars. *Held*, the indictment does not state facts sufficient to constitute a crime against the defendant, the agent.

⚖➔See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7 A.R.—16

Fred Harrison, U. S. Atty., of Nome.
Geo. D., Schofield, of Nome, for defendant.

LOMEN, District Judge. The statute under which the indictment was brought, section 1934, Compiled Laws of Alaska, provides:

"That if any person shall, by any false pretenses or by any privy or false token, and with intent to defraud, obtain, or attempt to obtain, from any other person any money or property whatever, or shall obtain, or attempt to obtain, with the like intent, the signature of any person to any writing the false making whereof would be punishable as forgery, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one nor more than five years. The making of a bill of sale, or assignment, or mortgage of personal property, by any person not the owner thereof, for the purpose of obtaining money or credit or to secure an existing indebtedness, shall be deemed a false pretense within the meaning of this section."

So far as it is necessary to be shown herein, the indictment charges that:

"The said Edw. E. Pearce, on the 20th day of November, 1923, at Candle, in the territory aforesaid and within the jurisdiction of this court, did wrongfully, unlawfully, feloniously, by false pretenses, and with intent to defraud Robinson & Greenberg, a mercantile copartnership carrying on business at Candle aforesaid, obtain from the said Robinson & Greenberg the sum of twenty-five dollars ($25.00) lawful money of the United States, the personal property of the said Robinson & Greenberg, by then and there falsely pretending to the said Robinson & Greenberg that a certain bank check drawn, for the sum of twenty-five dollars ($25.00), dated the 20th day of November, 1923, and signed, 'Alaska Dredge Association, by Edw. E. Pearce, Vice President,' on the Miners' & Merchants' Bank of Alaska, a corporation, payable to the order of the said Robinson & Greenberg, which said check is in words and figures as follows:

" 'Nome, Alaska, Nov. 20, 1923. No. 0241. Miners' & Merchants' Bank of Alaska: Pay to Robinson & Greenberg, or order, $25.00 twenty-five no/100 dollars.

" 'Alaska Dredge Association.'
" 'Alaska Dredge Association,'
" 'By Edw. E. Pearce, Vice President.'

—was a good and valid check and worth its face value, and that there were then and there on the 20th day of November, 1923, sufficient funds belonging to the said Alaska Dredge Association on deposit with the said Miners' & Merchants' Bank of Alaska to pay said check, and the said Robinson & Greenberg, relying on the pretenses aforesaid, made as aforesaid by the said Edw. E. Pearce, did then and there pay to the said Edw. E. Pearce the sum of twenty-five dollars

($25.00), then and there the personal property of the said Robinson & Greenberg; whereas, the pretenses so as aforesaid made by the said Edw. E. Pearce to the said Robinson & Greenberg were wholly false, in this: That said check above described, signed 'Alaska Dredge Association, by Edw. E. Pearce, Vice President,' on the said Miners' & Merchants' Bank of Alaska, on the 20th day of November, 1923, for the said sum of twenty-five dollars ($25.00), payable to the said Robinson & Greenberg, or order, was not on said 20th day of November, 1923, or at any time thereafter a good or valid check, and was not worth its face value, and was not of any value at all, all of which the said Edw. E. Pearce then and there well knew."

The demurrer specifies as the ground of objection to the indictment:

I. That the facts stated in the indictment do not constitute a crime, and states four reasons, as follows:

(1) The indictment does not allege that the defendant, Edw. E. Pearce, made said alleged pretenses with knowledge of their falsity.

(2) The indictment shows upon its face that the defendant, Edw. E. Pearce, disclosed his principal, Alaska Dredge Association, a corporation, and acted only as its agent in the representative capacity of vice president, and that said check was the check of said Alaska Dredge Association.

(3) The indictment does not allege that the said firm of Robinson & Greenberg, or either member of said firm, believed said pretenses to be true, and, relying upon the truth of said pretenses and believing the same, were induced by reason thereof, to pay said sum of money upon said check.

(4) The indictment does not allege that said check was drawn on a bank in which the drawer never had funds, or which he had no *reason to believe would honor said check*, nor that the course of business and dealing between the defendant and said bank furnished the defendant with no reasonable ground to believe that said check would be honored or paid on presentation.

Other "reasons" were urged upon argument, and additional reasons for sustaining the demurrer on the ground specified appear on the face of the indictment.

The indictment is drawn upon the theory that the defendant in the transaction complained of acted personally and individually, and not as an agent or officer of the Alaska Dredge Association. The check set out in the indictment as a token, concerning which all the representations were made, and the representations made concerning the same, were wholly immaterial and irrelevant to any question of credit to be given the defendant or the drawer of the check, unless, indeed, it was shown in the indictment that the check was delivered to

Robinson & Greenberg; this the indictment fails to show. No reliance upon the representations or upon the check could be predicated or serve as a reason for paying to the defendant the $25; it is not even shown that the $25 were given as the consideration for the check. The check, so far as the indictment shows, remained a piece of paper of no value to any one before delivery, and any representations contained therein by implication, or any representations of fact made in regard thereto, could only affect the credit of the Alaska Dredge Association, who drew the check.

It is not alleged in the indictment that the defendant was doing business in the name of the Alaska Dredge Association, and the check shows on its face that the drawer was such association, although the signature was made by the defendant as an officer of said association, and not as his personal check.

The indictment further shows that one of the representations alleged to have been made by the defendant was that said association, on the date of said check, had money in the Miners' & Merchants' Bank of Alaska, to meet the same —not that the defendant, Pearce, had such money. The truth of such representation is not negatived in the indictment, and its falsity could not, therefore, be shown on the trial, and must, accordingly, be accepted as the truth. In view of such allegation, the further representations that the check was a good and valid check, and worth its face value, must be taken as a mere and unjustified conclusion, and not as the representation of a past or present fact.

If it were shown in the indictment that the defendant, acting as such officer or agent of the Alaska Dredge Association, made the representations set forth, for the purpose of inducing Robinson & Greenberg to advance the amount of the check, and upon such advancement had delivered the check to Robinson & Greenberg (which is not shown), we think the representations made might be considered as sufficiently relating to the credit to be given the drawers of the check to justify a court or jury in finding that such representations were calculated to induce Robinson & Greenberg to part with their money; but there is nothing in the indictment to connect the drawer of the check with the transaction set forth in the indictment.

If the defendant had falsely stated to Robinson & Greenberg "that the Alaska Dredge Association owned the moon

and that it was made of green cheese," and Robinson & Greenberg, relying upon such representations, had paid to the defendant $25, the court would not be justified in treating such representations as a false pretense calculated to deceive Robinson & Greenberg, or as a basis for holding the defendant guilty of obtaining the $25 by false pretenses. We see no difference in principle between the inducement offered in the case at bar and the supposititious case, so long as no order for the delivery of the moon to Robinson & Greenberg, or their order, though it were drawn, remained undelivered.

The words "pretending" and "relying upon," as used in the indictment, are not direct and positive allegations or statements of fact, but *recitals,* and the words "good and valid," and "worth its face value," are, in the nature of things, mere opinions or conclusions. Neither satisfy the requirements that "the charge in the indictment must be direct and positive." U. S. v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588.

Unless the words of the statute "of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense," they do "not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within" the intent of the Legislature. U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135. In the case cited, knowledge, scienter, was held to be a necessary allegation for uttering a forged instrument, although the statute was silent on the question of knowledge. A like rule is laid down in Evans v. U. S., 153 U. S. 584, 14 S. Ct. 934, 38 L. Ed. 830, and U. S. v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516.

If the check set forth in the indictment be relied upon as implying any representation, it will be remembered that it does not purport, on its face, to be the check of the defendant, but that of another, and does not appear to have ever been delivered. Whatever inferences might be drawn from the check, they were not the representations of the defendant, but those of the drawer of the check, the Alaska Dredge Association. Without alleging agency, the check could have no bearing upon the acts of the defendant; not even then without showing a delivery of the check. The indictment "must descend to particulars." U. S. v. Hess, supra.

If the money was paid upon the faith of the check, it is fair to presume that it was "paid" to the drawer, the defendant receiving the money as agent of the latter; but no showing of that kind is made by the facts stated in the indictment. Why, then, the showing of the irrelevant check? The word "paid," in the indictment, presupposes a debt or obligation. If a debt or obligation was paid to defendant in the instance mentioned, he did not obtain the money by false pretenses.

The statement made by the United States attorney, on the hearing, to the effect that the defendant did not personally receive the money from Robinson & Greenberg, but that it was delivered to his wife, for reasons and purposes and in a character undisclosed, would, if true, present, at the trial, new and additional facts material to a true statement of the facts constituting the offense, and which, we think, were not mere matters of evidence, but should, in some form, have been alleged, in order to give defendant notice of what to meet at the trial, and which facts, when not so alleged, might, if proof were offered thereon, constitute a variance between the allegations and the proof.

We therefore find that the indictment does not state facts sufficient to constitute a crime, and the demurrer is therefore allowed and sustained. The court, however, is of the opinion that the objection on which the demurrer is allowed might be avoided in a new indictment, and therefore directs that this case be resubmitted to the grand jury called to convene September 8, 1924.