George **COLQUETTE**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

Clarence **MANNS**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**
Nos. 11206, 11207.

United States Court of Appeals
Seventh Circuit.
Nov. 3, 1954.

George Colquette pro se.

Clarence Manns pro se.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., Stephen Leonard, Asst. U. S. Atty., Anderson, Ind., William H. Sparrenberger, Robert J. Wilson, Asst. U. S. Attys., Indianapolis, Ind., for defendant-appellee.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

On December 3, 1953, defendants pleaded guilty to a joint indictment in one count charging violation of 18 U.S.C. § 2113, in that they "did unlawfully attempt to enter the premises of the Indiana Loan Association of Noblesville, Indiana, a savings and loan association, the accounts of which were then and there insured by the Federal Savings and Loan Insurance Corporation, with the intent to commit larceny therein." Each was sentenced to a term of eight years in prison. Later each filed his petition under 28 U.S.C. § 2255 alleging that the indictment was duplicitous. Both petitions were denied on April 20, 1954, on the trial court's finding that "The files and records conclusively show that" defendants are "entitled to no relief." Defendants have prosecuted their separate appeals in *forma pauperis*.

Defendants base their allegation of duplicity on their insistence that the indictment may be construed as charging either a misdemeanor or felony, a contention grounded upon the omission from the heading of the indictment of the precise subsection of the Statute which defendants were charged to have violated. Section 2113 of 18 U.S.C. is composed of five subsections, (a) through (e), each of which define different offenses against banks and like institutions. Penalties under these various subsections range from a maximum of one year in prison under one paragraph of subsection (b) to death under the provisions of subsection (e). On its face, the indictment states that it is drawn under "18 U.S.C., Sec. 2113", without designating any specific subsection thereof. Defendants have seized on this omission as ground for attack upon their respective sentences as unreasonable on the argument that the indictment might be con-

strued as charging an offense under more than one subsection of Section 2113 with a possible maximum penalty, exclusive of fines, of imprisonment for no more than one year.

In this respect each defendant invokes the language of (b) which defines as a crime the "taking and carrying away, with intent to steal, of any money" or other property of a bank or savings and loan association. However, each sentence was imposed under subsection (a). The speciousness of the contention becomes readily apparent, upon comparison of the indictment with the provisions of subsections (a) and (b). Thus subsection (b) defines two distinct crimes based on a $100 differential. The penalty for "taking and carrying away, with intent to steal" any property exceeding a value of $100 is punishable by a fine of not more than $5,000 or imprisonment for not more than ten years, or both. For a taking of property not exceeding $100 in value the penalty is a maximum of $1,000 fine or one year imprisonment, or both. 18 U.S.C. § 2113(b). Subsection (a), under which defendants were sentenced, provides in pertinent part: "(a) * * * Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, * * * any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, *or any larceny*—shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." (Emphasis supplied) 18 U.S.C. § 2113(a). The Act defines the term "savings and loan association" as including "any savings and loan association the accounts of which are insured by the Federal Savings and Loan Insurance Corporation." 18 U.S.C. § 2113(g).

The indictment charged that defendants "attempted to enter * * * a savings and loan association * * *

with intent to commit larceny therein," clearly a charge under subsection (a). Obviously this language cannot reasonably be interpreted as containing any of the essential elements of a subsection (b) crime which are "the taking and carrying away of" property "with intent to steal" such property. 18 U.S.C. § 2113(b). On the other hand, every essential element of the subsection (a) crime of attempt is charged, i. e., that defendants did attempt to enter an institution of the defined class, with the intent to commit a larceny therein, charges which are pertinent only under the latter subsection.

▇▇▇ The point is made that the indictment does not allege any amount of property which defendants intended to take from the institution. Suffice it to state that such a specification is pertinent only to an indictment charging a taking and carrying away of property. Equally frivolous is the collateral contention that the indictment is fatally defective in that it fails to specify whether defendants' intent was to commit grand or petit larceny. The intent element of the crime of attempt as defined in this statute is addressed to several specified acts of criminal behavior, one of which is "any larceny." 18 U.S.C. § 2113(a). It is difficult to conceive of a more all inclusive term. It is wholly immaterial whether the larceny intended, if consummated, would be characterized by state law as grand larceny or petit larceny. The intent to commit "any larceny" is the decisive fact. We are of the opinion that the indictment sufficiently charged the crime of attempt as defined in subsection (a), and that, by no reasonable interpretation, could it properly be construed as charging any other crime defined by the Act.

▇▇▇ Defendants were represented by privately engaged counsel who were present on their behalf at all proceedings herein. Thus there can be no valid claim that they, being laymen, entered their respective pleas of guilty with other

than full knowledge of the implications of such plea. Indeed, the trial judge is to be commended on his thoroughness, evinced by the transcript of proceedings, in apprising each defendant individually of the nature of the charge against him, of his constitutional rights and of the implications of his plea. Apparently, the awareness, professed by each in open court, of the nature of the charge against him, and the admissions made through counsel as to acts done by him which gave rise to, and tended to support, the charge, have been dimmed by reflective afterthought after he began serving his eight year term.

We do not mean to imply that cases may not arise where the failure to specify the precise subsection of the statute on which the charge is based will prejudice the defendant. We can conceive of a situation which might lay the indictment open to a valid charge of duplicity. It is a safe rule for the government that it apprise one named in an indictment of the specific sub-section under which he is charged. However, for the reasons previously stated, the omission here did not render the indictment void or prejudice the defendants. To hold otherwise merely because "(a)" was omitted from "18 U.S.C., Sec. 2113" in the heading, notwithstanding the fact that the crime charged contained every element necessary to apprise defendants of the precise complaint against them, would require an unjustifiable surrender to insistence on form to the exclusion of substance, in essence, a curtsy to the criminal law's rather outmoded loyalty to stereotyped common law concepts of pleading for form's sake alone. The finding that defendants were entitled to no relief was correct, and the petitions were properly denied. Klein v. United States, 7 Cir., 204 F.2d 513; United States v. Spadafora, 7 Cir., 200 F.2d 140, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650.

The judgments are

Affirmed.