**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Leonard ALOOWSINE, Defendant.**

**Cr. No. 1549.**

District Court, Alaska
Second Division, Nome.

March 9, 1955.

Russell R. Hermann, U. S. Atty., Nome, Alaska, for plaintiff.

James A. von der Heydt, Nome, Alaska, for defendant.

HODGE, District Judge.

The defendant is accused by indictment of the grand jury, returned February 28,

1955, of the crime of manslaughter, committed as follows:

"That the said Leonard Oloowsine, on or about the 31st day of November, 1951, in the Territory of Alaska, voluntarily killed Oscar Howard by pushing him into the water of Snake River near the Nome jetty.".

The defendant has moved to dismiss the indictment upon three grounds: (1) that the indictment is fatally defective in that the date of the alleged offense set forth therein is an impossible and non-existent date, and therefore the defendant has no possible information whereby a determination of the date of the offense can be had; (2) that any date alleged during 1951 would not fall within the statutory limitation of three years and that the prosecution is barred by the statute of limitations; and (3) the facts alleged in the indictment do not constitute a complete statement of the crime charged, as the manner in which the deceased was alleged to have met his death is omitted.

As confessed by counsel at the time of argument, the second contention is eliminated by the Act of September 1, 1954, 68 Stat. 1145, amending section 3282 of Title 18 U.S.C.A. by changing the period of limitation of criminal prosecutions for offenses not capital from three to five years, which appears to be effective as to offenses committed prior to such date, if on such date the prosecution therefor is not barred by provisions of law in effect prior to such date.

■ It does appear that there is no such date as "the 31st day of November." But this manifest error appears to be provided for by Section 66–9–9, A.C.L.A., providing that the precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, and within the time in which an action may be commenced therefor, except where time is a material ingredient in the crime. It

has been held, in applying this rule, that an obvious error in the date alleged where the mistake is not prejudicial to the defendant does not invalidate an indictment. Fournier v. United States, 7 Cir., 58 F.2d 3. Also that a charge that an offense was committed "on the ———— day" of a month and year named is not defective, where any day of the month was prior to the finding of the indictment and within the period of limitation applicable. United States v. Conrad, C. C., 59 F. 458, at page 461. Such is true in this case, and the time of commission is not a material ingredient of the offense. Hence the offense may be proven to have been committed on any day during the month and year mentioned within the period of limitation, under this indictment. United States v. Francis, D. C., 144 F. 520.

The third contention must be construed within the meaning of Rule 7(c), Fed.Rules of Criminal Procedure, 18 U.S. C.A., providing that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged", which is substantially to the same effect as our previous Code provision, being Sec. 66–9–3, A.C.L.A., except that the statute adds that such statement of facts shall be "in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." (See also, Sec. 66–9–14, A.C.L.A.)

■ As the statute defining the crime of manslaughter, Sec. 65–4–4, A.C.L.A., does not fully set forth the elements necessary to constitute the offense, it is necessary to allege facts sufficient to bring the case within the meaning of the statute. United States v. Pearce, 7 Alaska 241.

■ In construing this rule it is universally held that an indictment is sufficient if it clearly informs the defendant of the precise offense with which he is charged, so that he may prepare his defense, and so that judgment thereon will

safeguard him from a subsequent prosecution for the same offense. Barron, Fed. Prac. and Proc., Vol. 4, p. 63, Sec. 1914; Eagleston v. United States, 9 Cir., 172 F.2d 194, at page 201; United States v. Stubbs, 6 Alaska 736; Barbeau v. United States, 9 Cir., 193 F.2d 945, 13 Alaska 551.

The indictment here charges a specific act in plain and concise language sufficient to enable the defendant to prepare his defense. It is true that Section 66–9–5, A.C.L.A., prescribed certain forms of indictment as "sufficient in all cases where * * * applicable" and that in other cases forms may be used "as nearly similar as the nature of the case will permit"; and that in form "A" prescribed in an indictment for murder the words "whereby he was drowned" are added to the words "killed CD * * * by pushing him into the water"; although as to the form of an indictment for manslaughter (form "E") the words "voluntarily killed CD by" (means stated) are given as sufficient.

Regardless of whether or not the omission of words showing that the deceased drowned, or more precisely how he met his death, provided by this section may have been defective under this old Oregon code provision, such express provision is superseded by Rule 7(c) of the Federal Rules of Criminal Procedure which are now effective as to the District Court of Alaska pursuant to Rule 54. In connection with such rules specific illustrative simplified forms are provided by Rule 58, which include as to an indictment for murder in the first degree "with premeditation and by means of shooting murdered John Roe" Code of Criminal Procedure, Appendix of Forms, form 1, 18 U.S.C.A., or "with premeditation shot and murdered John Roe", form 2. Indictments in such prescribed form have been held sufficient. Ochoa v. United States, 9 Cir., 167 F.2d 341; Carter v. United States, 10 Cir., 173 F.2d 684.

Tested by the above rules and decisions, I find that the indictment contains a sufficient statement of the essential facts constituting the offense charged. The essential fact alleged is that the defendant "voluntarily killed" another by means of "pushing him into the water" at a specified time and place. The result of such act is sufficiently alleged by use of the word "killed". The motion to dismiss will be denied and the defendant permitted to plead to the indictment pursuant to the provision of Rule 12(5).