**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leonard GARFINKEL, Defendant-**
**Appellant.**

**No. 13011.**

United States Court of Appeals
Seventh Circuit.

Nov. 30, 1960.

Rehearing Denied Feb. 7, 1961.

Maurice J. Walsh, Richard G. Finn, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Defendant, Leonard Garfinkel, and Elijah Kennedy, and Eugene McIntosh were indicted in nine counts on charges of having, with unlawful and fraudulent intent, transported and caused to be transported in interstate commerce nine separate falsely made and forged American Express Company money orders, knowing the same to have been falsely made, forged and counterfeited, in violation of Title 18 U.S.C.A. § 2314. The tenth count charges all three persons with unlawful conspiracy to commit the offenses described in violation of Title 18 U.S.C.A. § 371. The defendant Garfinkel was tried separately by a jury. On February 18, 1960 he was found guilty as charged in the indictment.

This appeal is taken by Leonard Garfinkel and asserts error in the denial of two motions after verdict and sentence. After sentence a notice of appeal from the judgment and sentence was filed by

former counsel for Garfinkel but said notice of appeal was filed more than ten days after the imposition of sentence and was therefore subject to motion to dismiss. On motion of the United States it was dismissed by this Court on March 15, 1960.

Thereafter on March 16, 1960, less than thirty days after the entry of the judgment and sentence in this case, which occurred on February 19, 1960, the defendant by his present counsel filed two motions.

1. A motion for vacation of judgment and sentence and for correction thereof under Rules 35 and 12(b) (2) of Federal Rules of Criminal Procedure, 18 U.S.C.A. or in the alternative, for arrest of judgment in the above entitled cause.

2. Motion to correct and vacate sentence under Rule 35 of the Federal Rules of Criminal Procedure.

On March 17, 1960, the court denied each of these motions. This appeal followed.

The first motion which was for a vacation of judgment and sentence and for correction thereof and was brought under Rule 35 and 12(b) (2) of Federal Rules of Criminal Procedure, and also asked in the alternative for arrest of judgment, was aimed at what the defendant conceives to be a fatal defect in the indictment.

The second motion also brought under Rule 35 of the Federal Rules of Criminal Procedure, presented the contention of the defendant Garfinkel that the District Judge in accordance with a long standing policy, where defendants exercised their rights to jury trial and were convicted, failed to accord to the defendant due process of law and deliberately voided and nullified a provision of the Federal Rules of Criminal Procedure, 32(c) (1). Both of these motions were denied by the Court.

The contested issues are:

1. Did the indictment charge an offense under 18 U.S.C. Section 2314, and if it did, was it subject to collateral attack by motion after conviction and dismissal of appeal?

2. Is a presentence investigation mandatory and may a Judge determine sentence upon receipt of other information?

■ The sentence of two years imposed on the defendant is a general one, imposed on all counts of the indictment. Since the term of sentence is one well within any of counts 2 through 9, the maximum sentence being 10 years or $10,000, 18 U.S.C. § 2314, our consideration will be limited to these counts. Affirmance on these counts will be sufficient to affirm without reference to the others. United States v. Cephas, 7 Cir., 263 F.2d 518, 519.

During the course of the trial it was stipulated by the defendant that the Government's exhibits 2 through 9 and the machine used to affix the signature of the subagent were stolen at Cleveland, Ohio.

At the time that the government's exhibits 2 through 9 were stolen they were blank as to sender, payee, amount and subagent. Defendant further stipulated that in April, 1958 a Monroe Machine Mark II was stolen from the Glickman Drug Store at Cleveland, Ohio, and that the stamp figures "I. E. Glickman—5247 C.L.", appearing on the money orders in Counts 2 through 9, were affixed thereon with the stolen machine.

■ Exhibits 2 through 9 were stolen. They were and became forged instruments when the mark "I. E. Glickman—5247 C.L." was impressed thereon by the stolen machine. The defendant did not deny this forgery in the lower court nor can he now deny it. He agreed that he would handle the money orders at a price. And the evidence establishes that he did help the others involved to get rid of the checks. In further substantiation of the invalidity of the instruments and the forgery thereof is the fact that the defendant paid Kennedy, a co-defendant, $450 for $1100 in such money orders. On this state of the record the instant case becomes identical

with the case of United States v. Nelson, 7 Cir., 273 F.2d 459.

Defendant raises for review once again before this Court the application of the "true name" doctrine to American Express money orders. In effect the defendant attempts to distinguish this case from this Court's but recent opinion in United States v. Nelson, 7 Cir., 273 F. 2d 459.

We think there is no distinguishable difference between the Nelson case and the instant appeal. The defendant stresses that he affixed his true name under his true signature and the true name of his corporation under which he operated his business and his true address. But the name of the authorized subagent of the American Express Company was forged on Government's exhibits 2 through 9.

■ We are further of the opinion that the motions filed by the defendant constitute collateral attack. The attack now is against the validity of the judgment and not against the validity of the sentence.

In Cook v. United States, 1 Cir., 171 F.2d 567, 570, 571 it was pointed out:

"A motion for correction of sentence under Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law. The short time limit upon motions in arrest of judgment, as provided in Rule 34, cannot be circumvented by a motion at any time after conviction for vacation of judgment and sentence on the ground of defects in the indictment upon the theory that such a motion is merely a motion to 'correct an illegal sentence' under Rule 35. The object of such a motion would be not to 'correct' a sentence but to be relieved of it altogether."

This Court has refused to permit collateral attack on a judgment of conviction where the "true name" doctrine is involved. U. S. v. Hoyland, 7 Cir., 264

F.2d 346; La Fever v. United States, 7 Cir., 279 F.2d 833.

It is our opinion that following a conviction of guilty petitioner is in no position to raise what he calls a question of jurisdiction under Rule 35 on the grounds of defects in the indictment upon the theory that such a motion is merely a motion to correct an illegal sentence. Therefore we hold that the District Court was correct in denying the defendant's motion for vacation of judgment and sentence and for correction thereof under Rules 35 and 12(b) (2) of the Federal Rules of Criminal Procedure, or in the alternative, for arrest of judgment.

■ The defendant's second motion complains of the fact that the District Court did not order a presentence investigation before imposing sentence.

The District Court did avail itself of information supplied to it by an F.B.I. report and neither defendant nor his counsel made an objection. Defendant complains of the fact that a presentence investigation might have disclosed his physical condition and that of his family. These facts were within his knowledge prior to the sentencing. He and his counsel both stood mute before the court and made no reference thereto:

"The Court: I want to read that and you reply on your motion for probation on what you have just said with reference to the record already. Is there anything else that you want to submit?

"Mr. Gorman: No. I do not believe that there is anything further that I could submit."

Under the facts and circumstances of this case defendant's reliance upon United States v. Wiley, 7 Cir., 267 F.2d 453 and United States v. Wiley, 7 Cir., 278 F.2d 500 is misplaced. The defendant here was accorded a probation hearing.

We are of the opinion that under these circumstances the motion to correct and vacate the sentence under Rule 35 of the Federal Rules of Criminal Procedure

was properly denied by the District Court.

We have considered all of the arguments advanced by defendant in support of his contentions but find them without merit.

Judgment affirmed.

Affirmed.