Chester ADKINS, Appellant,

v.

STATE of Alaska, Appellee.

No. 372.

Supreme Court of Alaska.

March 9, 1964.

George Vogt and Millard F. Ingraham, Fairbanks, for appellant.

Virgil D. Vochoska, Dist. Atty., Nome, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The appellant was tried and convicted under the initial count of an indictment charging him with wilfully, unlawfully and feloniously breaking and entering a dwelling house, the residence of one Natalie Lamont, "with intent to commit a crime therein." The offense thus charged is couched in the language of the burglary statute set forth in the margin below [1] but does not name the specific crime which the appellant is supposed to have intended to commit.

On this appeal from the judgment of conviction entered against him in the superior court, the appellant contends that the indictment was void for failure to specify the particular crime intended to be committed at the time of the breaking and entering. He admits, and the record so indicates, that he did not challenge the sufficiency of the indictment in the trial court. He urges, however, that he is entitled to raise the issue for the first time on appeal.

---

[1]. The Alaska burglary statute pertinent to this case is section 65-5-31 ACLA 1949 [AS 11.20.080] which reads in part: "If any person shall break and enter any dwelling house with intent to commit a crime therein * * * such person shall be deemed guilty of burglary, and upon conviction thereof shall be punished by imprisonment in the penitentiary not less than one nor more than ten years; provided, however, if said burglary be committed at night time the maximum penalty shall be fifteen years and provided further that if a human being be within the dwelling at the time of said burglary, either night time or day time the maximum penalty shall be twenty years."

We believe that the appellant is correct because the indictment contained a fatal defect, as we shall point out, one which was not waived by failure to object below.[2]

■■ By the weight of authority an indictment for burglary must specify by name the ulterior crime which it is alleged the accused intended to commit.[3] The state argues that it is enough to allege the offense substantially in the language of the statute. That is the rule, provided, however, that the words of the statute contain all the essential elements of the offense.[4] In the case of burglary the essential elements of the offense are the breaking and entry of a dwelling house by the accused and the intent on his part to commit some specific crime therein.[5] These elements are matters of substance and must be set forth in the indictment, otherwise it is fatally defective.[6]

The preliminary criteria for determining the sufficiency of an indictment as to substance are set out by the Supreme Court in the case of Russell v. United States[7] as follows:

"In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet,"' and, secondly, "'in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction [that is, double jeopardy]." Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.'" [Then citing five more Supreme Court decisions.] [8]

2. People v. Schiaffino, 73 Cal.App. 357, 238 P. 725 (1925); Irby v. State, Miss., 4 So.2d 881 (1941); Taylor v. State, 214 Miss. 263, 58 So.2d 664 (1952). See also United States v. Manuszak, 234 F. 2d 421, 422 (3d Cir. 1956). Cf. State v. Deedon, Del., 189 A.2d 660, 663–664 (1963).

3. People v. Schiaffino, supra note 2; State v. Deedon, supra note 2, 189 A.2d at 661–662; State v. Minnick, 53 Del. 261, 3 Storey 261, 168 A.2d 93, 95–97 (1960); Bays v. State, 240 Ind. 37, 159 N.E.2d 393, 397–398, cert. denied 361 U.S. 972, 80 S.Ct. 605, 4 L.Ed.2d 551 (1960); Irby v. State, supra note 2; Brumfield v. State, 206 Miss. 506, 40 So.2d 268 (1949); State v. Allen, 186 N.C. 302, 119 S.E. 504, 505–06 (1923); Hooks v. State, 154 Tenn. 43, 289 S.W. 529 (1926); Lowe v. State, 163 Tex.Cr. 578, 294 S.W. 2d 394, 397 (1956). See also Lewis v. Mayo, 127 Fla. 488, 173 So. 346 (1937); People v. Westerberg, 274 Mich. 647, 265 N.W. 489 (1936); and cf. Colquette v. United States, 216 F.2d 591, 593 (7th Cir. 1954).

4. Russell v. United States, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240, 251 (1962); Reynolds v. United States, 225 F.2d 123, 126 (5th Cir.), cert. denied

350 U.S. 914, 76 S.Ct. 197, 100 L.Ed. 801 (1955); United States v. Pearce, 7 Alaska 241, 245 (D.Alaska 1924); State v. Deedon, supra note 2, 189 A.2d at 662; and see Crim.R. 7(c) which requires that the indictment shall state the essential facts constituting the offense charged.

5. State v. Minnick, 53 Del. 261, 3 Storey 261, 168 A.2d 93, at page 96 (1960) wherein the court said: "Burglary is a very technical crime; the breaking and entry are entirely technical, and different from the usual understanding of breaking and entry; but *the law makes another ingredient necessary, the intent to commit* murder, rape, robbery or *some* other felony. *The intent then is of the essence* of the offense, and *the prosecution must point the intent* and prove that it was for the purpose of committing some *specific felony * * *.*" [Italics in the original.]

6. State v. Deedon, supra note 2, 189 A.2d at 663–664.

7. 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

8. Id. 369 U.S. at 763–764, 82 S.Ct. at 1047, 8 L.Ed.2d at 250–251.

In the instant case we find that the indictment did not set forth one of the essential elements of burglary in that it failed to apprise the appellant of the specific crime he is supposed to have intended to commit. The indictment is, therefore, fatally defective and should be quashed.

For the foregoing reasons, the judgment is reversed and the case remanded to the trial court with directions to set aside the indictment. We find it unnecessary to consider other questions raised by the appellant on this appeal.

Reversed.