**Alphonse KANTON, Movant-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 14860.**

United States Court of Appeals Seventh Circuit.

April 21, 1965.

---

Alphonse Kanton, pro se. Mitchel Kanton, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Frederick E. McLendon, Jr., Asst. U. S. Attys., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Alphonse Kanton, movant, has appealed from the denial by the district court of his motion under 18 U.S.C.A. rule 35, Federal Rules of Criminal Procedure, to correct that part of his sentence which he claims is illegal. He points out that the indictment upon which he was convicted charged him with two bank robberies in separate counts, in violation of 18 U.S.C.A. section 2113, but that in charging these violations no subsections of section 2113 were mentioned. He was convicted on the first count; the second was dismissed on motion of the government.

Prior to filing his rule 35 motion, movant had appealed his conviction to this court, where it was affirmed. United States v. Kanton, 7 Cir., 264 F.2d 588 (1959).

In his present appeal, movant's position is that he was charged with a violation of section 2113, but not with a violation of subsection (d). He reasons that, inasmuch as the subsections are given letter designations in the statute, and none was so indicated in the indictment, his sentence should have been made solely under subsection (a) and should have been 20 years. He complains because he was sentenced for 25 years under subsection (d). Hence, he argues that his sentence is illegal as to five years thereof.

■ However, the following language appears in the indictment:

"The May, 1958 Grand Jury further charges:

"That in committing the offenses above described, the defendants did put in jeopardy the life of the employee of the aforesaid savings and loan association by the use of dangerous weapons, to wit, firearms: all in violation of Section 2113, Title 18, United States Code."

This is almost precisely the wording of section 2113(d).

■ Actually section 2113 defines and declares one crime, but, in fixing punishments, it outlines a sliding scale which permits the court to fix the punishment to fit the crime. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), and United States v. Drake, 7 Cir., 250 F.2d 216, 217 (1957).

Moreover, in Colquette v. United States, 7 Cir., 216 F.2d 591, 594 (1954), we said:

" * * * the omission [of the subsection of the statute] here did not render the indictment void or prejudice the defendants. To hold otherwise merely because '(a)' was omitted from '18 U.S.C., Sec. 2113' in the heading, notwithstanding the fact that the crime charged contained every element necessary to apprise defendants of the precise complaint against them, would require an unjustifiable surrender to insistence on form to the exclusion of substance, in essence, a curtsy to the criminal law's rather outmoded loyalty to stereotyped common law concepts of pleading for form's sake alone. * * * " (Bracketed matter added.)

There was no error in the entry of the order from which movant appeals. Cf. United States v. Garfinkel, 7 Cir., 285 F.2d 548, 551 (1961).

For these reasons, the order from which movant has appealed is affirmed.

Order affirmed.