**Alphonse KANTON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 17040.**

United States Court of Appeals Seventh Circuit.

Dec. 30, 1968.

Alphonse Kanton, for plaintiff-appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendant-appellee; John Peter Lulinski, Michael B. Nash, Michael P. Siavelis, Asst. U. S. Attys., of counsel.

Before KILEY, SWYGERT and KERNER, Circuit Judges.

PER CURIAM.

Petitioner Kanton was convicted by a jury of robbing a bank and, in doing so, putting in jeopardy the life of a person, in violation of 18 U.S.C. § 2113. He was sentenced to a term of twenty-five years. This court affirmed. United States v. Kanton, 264 F.2d 588 (7th Cir. 1959). Thereafter, Kanton filed a motion to correct the sentence, under Rule 35, Fed.R.Crim.P. and appealed from the judgment denying his motion. This court again affirmed. Kanton v. United States, 345 F.2d 427 (7th Cir. 1965). We rejected Kanton's contention that his sentence should be reduced to twenty years, the penalty under § 2113, because the indictment did not charge that the robbery was aggravated, by placing the life of a person in jeopardy, so as to violate 18 U.S.C. § 2113(d), since the indictment charged only the "violation of Sec. 2113(a)." We found the words of § 2113(d) "almost precisely" stated in the indictment.

In the § 2255 petition now before us, Kanton contends that his conviction and sentence of twenty-five years should be set aside on the grounds: (a) that the gun used in the holdup was not itself put in evidence so as to support the charge under 18 U.S.C. § 2113(d), and (b) that he was denied his Fifth and Sixth

Amendment rights of due process and trial by jury, respectively, because the trial court improperly instructed the jury by failing to explain that the word "jeopardy and not merely putting the victim ally putting the life of a victim in jeopardy, and not meredly putting the victim in fear that his life was in jeopardy, and that therefore an essential element of the offense charged was effectually withheld from the jury. He seeks a new trial, or in the alternative, a resentencing of twenty years under 18 U.S.C. § 2113(a) instead of the twenty-five years under 18 U.S.C. § 2113(d).

This court in the first *Kanton* appeal settled the first ground adversely to Kanton's claim, by affirming his conviction on testimony of a victim that in the robbery "one of them" pointed a gun at her and forced her to sit down, and testimony of Kanton's confederate that Kanton was the "one." See also Wagner v. United States, 264 F.2d 524 (9th Cir. 1959). There was no necessity of introducing the gun itself. Kanton cites no cases holding that that real evidence is necessary.

Neither Robbins v. United States, 345 F.2d 930 (2d Cir. 1966), nor Wagner v. United States, 264 F.2d 524 (9th Cir. 1959), supports Kanton's argument that because of the failure to produce the gun, the twenty-five year sentence was rendered invalid, and that that sentence should have been corrected to a twenty year sentence. In *Robbins* the district attorney in oral argument "suggested" that the evidence was insufficient to support a finding of aggravation. The court said that "unless" there was sufficient evidence the remedy would be a sentence of twenty years. There is no such suggestion by the government here, and we cannot say the evidence is insufficient. In *Wagner*, 264 F.2d at 530 the court made a similar statement, i. e., "if" the evidence was insufficient, the sentence would have to be reduced. Here we think that the testimony of the bank employee and petitioner's confederate was sufficient. *Robbins* and *Wagner* are not pertinent.

There is no merit in the contention that the claimed omission in instructing the jury amounted to withholding from the jury an element of the offense charged. The district court instructed the jury in the language of the statute and accordingly the jury was told technically what the elements were. Better practice would require "spelling out" that the element of aggravation means that the victim's life was actually in jeopardy, but failure to do so is not necessarily reversible error, Smith v. United States, 284 F.2d 789, 791 (5th Cir. 1960), let alone violation of the right to a jury trial or right to due process. There was no dispute, in the evidence at Kanton's trial, of the fact that force was used. His defense was alibi. See United States v. Hilbrich, 341 F.2d 555, 559 (7th Cir. 1965). We think the jury could infer from the evidence that the victim's life was actually in danger.

Affirmed.