**STATE of Alaska, Appellant,**

v.

**Tom VAN BROCKLIN and Robert Van Brocklin, Appellees.**

No. 4203.

Supreme Court of Alaska.

Aug. 17, 1979.

David Mannheimer, Asst. Atty. Gen., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Paul L. Davis, Boyko & Associates, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

BURKE, Justice.

This is an appeal by the state from an order of the superior court dismissing a burglary indictment. *See* AS 22.05.010; Rule 5, Alaska R.App.P. The court's dismissal was based upon its conclusion that the language of the indictment failed to charge the defendants with sufficient particularity to enable them to prepare their defense. *See Price v. State*, 437 P.2d 330, 331–32 (Alaska 1968); *Adkins v. State*, 389 P.2d 915, 916 (Alaska 1964). We reverse.

AS 11.20.080 provides, in pertinent part, that one is guilty of the crime of burglary in a dwelling if he or she "breaks and enters a dwelling house with intent to commit a crime in it   .   .   .." Appellees, Tom and Robert Van Brocklin, were indicted for a violation of that statute by an

indictment charging that they did "break and enter a dwelling house . . . with intent to commit the crime of assault therein." Because the indictment failed to specify any particular kind or degree of assault, the superior court concluded that it was fatally defective, citing as authority our own decision in *Adkins v. State*, 389 P.2d 915 (Alaska 1964), and that of the United States Court of Appeals, District of Columbia Circuit, in *United States v. Thomas*, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971).

In *Adkins*, we held that an indictment charging a violation of AS 11.20.080 is fatally defective if it fails to "specify by name the ulterior crime which it is alleged the accused intended to commit." 389 P.2d at 916 (footnote omitted). In *Thomas* the United States Court of Appeal reached a similar conclusion. 144 U.S.App.D.C. at 46–7, 444 F.2d at 921–22. However, both of those cases are distinguishable from the case at bar. The indictment in *Adkins* alleged only that the accused broke and entered a dwelling house "with intent to commit a crime therein." 389 P.2d at 915. In *Thomas*, the indictment alleged an "intent to commit [a] criminal offense therein." 144 U.S.App.D.C. at 45, 444 F.2d at 920. In neither case was any particular kind of offense designated. In the case at bar, on the other hand, the indictment specified that the accused acted with the intent to commit a particular crime, namely, "assault."

As noted by the superior court, there are numerous forms of assault described in Alaska's criminal code. *E. g.*, AS 11.15.160 (assault with intent to kill or commit rape or robbery), AS 11.15.190 (assault while armed), AS 11.15.220 (assault with a dangerous weapon), AS 11.15.230 (assault and assault and battery). For that reason, the court concluded that the defendants had not been adequately apprised of the charge against them and dismissed the indictment. We believe however, that for purposes of

charging a violation of AS 11.20.080, an allegation that the entry was made with intent to commit an "assault" is sufficiently informative to pass muster.[1] Thus, we conclude that the superior court erred in ordering the indictment dismissed.

REVERSED and REMANDED, with instructions to the superior court to reinstate the indictment.

---

1. An intent to commit a simple assault, under AS 11.15.230, will suffice to support a burglary charge. And a simple assault is necessarily committed as a part of the other more serious assault offenses. Thus, we conclude that the superior court erred in ordering the indictment dismissed. *Cf. Peterson v. State*, 562 P.2d 1350, 1367 (Alaska 1977) (indictment need not state specific theory by which defendant was alleged to have committed murder).