52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl DOMBROWSKI, Defendant-Appellant.
 No. 94-3596.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 8, 1995.*
Decided April 17, 1995.
 
 Before FAIRCHILD, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Darryl Dombrowski is serving a sentence of 15 years' imprisonment under 18 U.S.C. Secs. 922(g) and 924(e) for possessing a weapon after having been convicted of three violent felonies. We concluded on his direct appeal that Dombrowski had four such felonies, including three burglaries--which, we held, count as violent felonies under the statute whether or not the burglar used a weapon, and whether or not violence ensued. 877 F.2d 520, 526-31 (7th Cir.1989). The Supreme Court later endorsed that conclusion. Taylor v. United States, 495 U.S. 575 (1990).
 
 
 2
 After the Supreme Court had decided Taylor and denied his petition for certiorari, Dombrowski hit upon a new way to challenge the enhanced sentence. He filed a motion under Fed.R.Crim.P. 35 seeking a reduction of his sentence on the ground that state law had restored his civil rights on two of the burglaries. Because the definition of a "conviction" depends on state law, 18 U.S.C. Sec. 921(a)(20), Dombrowski argued that he had only two, rather than four, "convictions" for violent felonies. The district court denied this motion, and five months later Dombrowski filed a notice of appeal, which we dismissed as untimely. Next Dombrowski attempted to revive the case in the district court through what he characterized as a petition for a writ of error coram nobis. The district judge denied this, too, although he allowed that it was more properly a motion for reconsideration--and so characterizing the documents he denied reconsideration. Again Dombrowski has appealed.
 
 
 3
 We may assume that this appeal is timely, despite its obvious effort to revive the earlier proceedings and avoid the failure to take a timely appeal from them. The district court treated a reply brief Dombrowski filed after the initial adverse decision (but before Dombrowski was aware of it) as a timely motion for reconsideration under Fed.R.Civ.P. 59(e). This is a bit of a stretch, but if a brief can be a notice of appeal, see Smith v. Barry, 502 U.S. 244 (1992), there is no reason in principle why a reply brief that happens to be filed after the case has been decided cannot be a motion for reconsideration. This does Dombrowski no good, however, because the district court itself lacked jurisdiction--as it belatedly recognized.
 
 
 4
 Dombrowski does not rely on 28 U.S.C. Sec. 2255, and for good reason. The effect on the burglary convictions of the restoration of civil rights was a question that could have been presented on direct appeal but was not. Dombrowski contends that a 1980 state statute permanently restored his right to possess firearms with respect to two state convictions that occurred before 1980, despite the state's enactment in 1984 of another law expressly forbidding convicted felons to possess firearms. He could have pointed out this statute to the judge at sentencing, but did not; he could have relied on it on appeal, but did not. Failure to present a non-constitutional point in either forum on appeal usually forfeits it, unless the problem is "a fundamental defect which inherently results in a complete miscarriage of justice". Hill v. United States, 368 U.S. 424, 428 (1962). See also, e.g., Reed v. Farley, 114 S.Ct. 2291 (1994); Scott v. United States, 997 F.2d 340 (7th Cir.1993). Dombrowski does not contend that he satisfies this standard. That is why he invoked Rule 35(a), which provides that a court may correct an "illegal sentence" at any time. (This rule was repealed in 1987 but continues to apply to convictions for crimes committed before November 1 of that year, as Dombrowski's was.) Because his civil rights had been restored for two of the burglaries, Dombrowski submits, his sentence is "illegal."
 
 
 5
 This misunderstands the meaning of "illegal sentence" under the former Rule 35(a). A sentence does not become "illegal" just because the judge made an error in the proceedings leading to its imposition; the error would make the sentence erroneous but not illegal. A sentence is illegal when it is not authorized by law--when, for example, it exceeds the statutory maximum, or is of a type not authorized by statute. "[T]he narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Hill, 368 U.S. at 430 (emphasis in original). See also United States v. Morgan, 346 U.S. 502, 506 (1954); United States v. Garfinkel, 285 F.2d 548 (7th Cir.1960). Anything else would eliminate the distinction between Sec. 2255 and Rule 35(a) and obliterate the rule that claims of legal error must be presented to the district court and raised on direct appeal. To put this differently, a sentence is "illegal" only when the problem can be detected by comparing the sentence with the statute; when the judge must go behind the sentence to other matters--for example, to the characterization of the prior state offenses that influenced the length of the federal sentence--the problem is not an "illegal sentence" within the meaning of former Rule 35(a). United States v. Johnson, 988 F.2d 941 (9th Cir.1993); United States v. Makres, 937 F.2d 1282, 1285-86 (7th Cir.1991). Cf. Custis v. United States, 114 S.Ct. 1732 (1994) (a federal sentence is not illegal, or even erroneous, just because enhanced by virtue of state convictions that may be invalid).
 
 
 6
 Former Rule 35(b) gave the district courts broader powers to reduce sentences. As the district court recognized, however, this latitude came with restrictions: unless the defendant makes a motion within 120 days of the conviction's finality, the district court lacks power to reduce the sentence. The 120 day limit is not simply a matter of prudence, or even a statute of limitations; it is a limit on the district court's jurisdiction. United States v. Addonizio, 442 U.S. 178, 189 (1979); Gaertner v. United States, 763 F.2d 787 (7th Cir.1985). Rule 35(b) was altered after Addonizio and Gaertner to change the deadline from a requirement of a judicial decision within 120 days to a requirement that the defendant file a motion within 120 days, but the jurisdictional nature of the deadline was not affected. United States v. Hill, 826 F.2d 507 (7th Cir.1987). The Supreme Court denied Dombrowski's petition for certiorari on June 4, 1990, see 496 U.S. 907 (1990), starting the 120-day period. Dombrowski did not file his motion until September 27, 1991. As a motion under former Rule 35(b) it is therefore jurisdictionally out of time.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The direct appeal in this criminal case was argued on February 24, 1989. The appeal in this post-conviction proceeding has been assigned to the same panel under Operating Procedure 6(b). The panel has concluded that a second oral argument is not necessary